LEE SMITH, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

The killing of a human being, even in the heat of passion is murder, if the slayer have no just cause for his anger, or if after the provocation, and before the killing, there be sufficient time for passion to cool and reason to resume its sway.

Criminal law.   Murder.   Manslaughter.   Before Judge CLARK.   Webster Superior Court.   March Term, 1873.

Lee Smith was placed on trial for the offense of murder, alleged to have been committed upon the person of Katy Smith, on June 24th, 1872.   The defendant pleaded not guilty. The evidence made substantially the following case:

The homicide occurred in Webster county, at or about the time charged in the indictment.   The deceased was the wife of the defendant.   They had been married some two or three years.   They had been living on bad terms until some two or three months before the homicide, when the deceased went to her mother's house, whether of her own accord or sent by the defendant, the evidence is conflicting.   On the day of the killing, as the deceased was going to the new ground from her mother's house, about a quarter of a mile distant, the defendant stepped out of the woods and joined her.   They commenced quareling; the defendant "hunched" the deceased with his elbows and fists; deceased told him that he had better let her alone; defendant replied, that he was not bothering her; he then ran his hand in his pocket and drew out a pistol; deceased said that he had better not shoot her or she would cut his throat, at the same time running around her sister, Jane Wherry, asking her not to let the defendant shoot her; Jane Wherry wrapped her dress around the head of deceased, leaving but a small portion of her forehead visible; deceased again said to defendant that he had better not shoot her; he replied, "I will, God damn you; I am going to kill you;" the defendant shot her twice, first in the head and then in the abdomen.   At the time the defendant was getting out his pistol

the deceased was drawing her knife; it was a "Barlow" knife, with a short blade. The deceased died from the shot received in the abdomen.

The defendant attempted to show that the deceased had been receiving improper attentions from one Ike Harper, but the evidence upon this point was so exceedingly slight that it is omitted. The defendant and Ike had a difficulty about one week before the homicide.

The jury found the defendant guilty. A motion was made for a new trial upon the following grounds:

1st. Because the Court erred in refusing to charge the jury as follows: "That if they believed, from the evidence, that the defendant, at the time of the killing, was engaged in a lawful act, and the killing resulted from want of discretion and circumspection, then he is guilty of involuntary manslaughter, in the commission of a lawful act without due caution and circumspection."

2d. Because the Court, after charging as follows, as requested: "That if the jury believed, from the evidence, that the defendant killed the deceased without malice, either express or implied, and without any mixture of deliberation whatever, and if they should believe that the deceased was the assailant, or other equivalent circumstances to justify the excitement of passion, then the defendant is guilty of voluntary manslaughter," committed error by adding the following: "You will observe that to make a case of voluntary manslaughter, the killing must be without malice, either express or implied, and without any mixture of deliberation whatever. It must have been done upon a sudden heat of passion. There must have been at the time some actual assault upon the prisoner or an attempt by the person killed to commit a serious personal injury. The killing must also be the result of that sudden, violent impulse of passion, supposed to be irresistible."

3d. Because the Court erred in charging the jury as follows: "That to make a case of voluntary manslaughter there must have been, at the time, some actual assault upon the de-

fendant or an attempt, by the person killed, to commit a serious personal injury. The killing must also be the result of that sudden, violent impulse of passion, supposed to be irresistible. If, in the heat of passion, the prisoner killed his wife when she was making no actual assault upon him, nor attempting to commit any serious personal injury upon him, it cannot be a case of voluntary manslaughter, but must be a case of murder."

4th. Because the Court erred in charging the jury as follows: "If the defendant commenced a difficulty with the deceased by hunching and by sticking her, and she drew a 'barlow' knife and threatened to cut his throat, and made at him, and he drew a pistol, and she ran around her sister, and her sister protected her with her dress, and he shot her, of which wounds she died, he is guilty of murder, and it does not make any difference that she would not live with him. The fact that he suspected her of infidelity to him, does not mitigate the offense. The law does not allow life to be taken upon suspicion, but holds him, who lightly takes life upon suspicion, guilty of murder."

5th. Because the Court erred, after charging upon the subject of voluntary manslaughter, in the following addition: "But if the defendant was in a heat of passion, and was assaulting, or beating, or hunching her, and the assault she made upon him, if any, had ceased, and she ran for protection to her sister, and while being protected by her, he shot her, of which she died, it is murder."

6th. Because the verdict was contrary to and not authorized by the evidence.

The motion was overruled and the defendant excepted.

W. A. Hawkins; G. H. Pickett; J. R. McClesky, for plaintiff in error.

C. F. Crisp, Solicitor General, by Phil. Cook; C. T. Goode, for the State.

Smith *vs.* The State of Georgia.

McCay, Judge.

It is a mistake to suppose that if one kill another in the heat of passion, that such killing cannot be murder. Every man is responsible to the community for the control of his temper, and if for some small provocation he permits himself to get into a fury and kills a human being, it is murder. There must be provocation such as *justifies* the excitement of passion. Provocation by words, threats and contemptuous gestures, is, by the very terms of the Code, insufficient. So, also, if the passion be aroused for just cause, the law holds a man responsible for failing to grow calm in a reasonable time. If, after sufficient time for the voice of reason and humanity to be heard, the killing is done, it will be murder.

Under the facts of this case, we think the defendant was guilty of murder. The language of his wife was not sufficient to justify that sort of passion which the law calls heat of passion, supposed to be irresistible. And when she fled in terror to her sister, and cowered in fear behind her, it was the act of a fiend to take her life, in spite of her appeals for mercy. We are free to say, that we would have been better satisfied had the Judge kept more within his proper sphere in his charge. It is surely proper for the Judge to say to the jury, " if the proof satisfies your mind that such and such facts—narrating them— are true, then the defendant is guilty." This Court has never held that the jury, in a criminal case, are not judges of *the law* and the facts. We have said, and we say now, that a jury has not a right, under the laws of this State, to make law, or to construe and expound law. They are bound by the law, as it is written and given to them in charge by the Court. That is the means, and the only means, by which they are to find out what the law is, just as the evidence put before them, oral and written, is the only means by which they are to learn the facts. But when they have thus got the law from the Court and the facts from the witnesses, they are to *judge of them,* they are to say, What are the facts, according to the testimony ? What is the law, according to the charge of the

Court ? They are then to judge of what the verdict ought to be, *considering* what the law is and what the facts are, and to find accordingly. The result of this application of the facts to the law is the exclusive province of the jury. The Judge, in his charge, should be careful not to infringe on this right. He should give them the law, in general terms, as suggested to him by the charge in the indictment and by the evidence, taking care not to usurp the province of the jury.

We do not intend, by these remarks, to lay down a positive rule. It is sometimes impossible to give the law intelligently except by reference hypothetically to such facts as make the crime. All we say is, that the charge ought to be given, in all cases, so as there shall not be any dictation by the Court to the jury. It is their prerogative to declare whether, under the law as given in charge, and under the evidence, they do or do not judge the defendant guilty.

Judgment affirmed.