## *In re* W. J. BOLLIN.

No. A-756. Opinion Filed May 21, 1910.

(109 Pac. 288.)

1. BAIL—Capital Offense—Evidence. Evidence examined, and held to justify the refusal of bail to a defendant in custody upon a charge of murder.

2. SAME—Mere Conflict in Evidence. A mere conflict of testimony even upon a vital issue, does not of itself entitle a defendant held for murder to be admitted to bail. The evidence must be considered as a whole; and when so considered, unless a reasonable doubt of the defendant's guilt of murder is generated, bail should be denied.

3. HOMICIDE—Reduction to Manslaughter—Heat of Passion. Heat of passion alone does not reduce a homicide from murder to manslaughter; there must be adequate provocation, and the fatal blow must be the unpremeditated result of the passion thus aroused.

4. SAME—"Adequate Provocation" — Words and Gestures. Mere words. gesture or threats, however opprobrious or violent, constitute in law no adequate provocation for passion such as will reduce a homicide from murder to manslaughter.

(Syllabus by the Court.)

*Original Proceedings in Habeas Corpus.*

Application for bail by writ of *habeas corpus.* Application heard, and bail refused.

*Massingale & Duff* and *Smith & Wagner,* ·for petitioner.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., *Rutherford Brett,* and *Billups & Ash,* for the State.

RICHARDSON, JUDGE. On the 18th day of April, 1910, the petitioner was arrested, charged with the murder of one George Wilson alleged to have been committed on that day in the city of Cordell in Washita County. A preliminary examination was had, and petitioner was ordered committed without bail to await further action against him on said charge in the district court. Thereafter an information was filed against petitioner in the District Court of Washita County, charging him with the crime of murder, upon which information he was duly arraigned, and to which he entered a plea of not guilty. On April 25th the petitioner filed in said district court an application for a writ of *habeas corpus* by which he sought to be released on bail. The writ was allowed, and made returnable on April 28, 1910. On the return day the cause was submitted to the court upon the testimony taken in the preliminary hearing, and on May 3, 1910, the court, after hearing and considering the matter, made and entered an order denying the petitioner bail.

On May 6, 1910, an original application for a writ of *habeas corpus* seeking the allowance of bail was filed by the petitioner in this court, and the writ was granted. Return thereto has been made; the matter by agreement has been submitted to us upon the testimony taken at the preliminary hearing and upon the. briefs and oral argument of counsel, and now comes on for determination.

There is no diversity of opinion as to the law applicable; and the sole question here presented is, Does the evidence before us show such facts as should induce a reasonable doubt as to whether petitioner was justifiable or excusable in his act, or as to whether the offense was only manslaughter? If it does, then the petitioner is entitled to bail; otherwise, he is not.

We have carefully read and considered all the evidence presented, as well as the briefs in behalf of each party; and we have come to the conclusion that the judgment of the District Court of Washita County was right, and that the petitioner should be denied bail.

The testimony tends to show that one side of petitioner's farm fence was in the road reservation, and that at the instance of some three or four citizens of the township, among whom the deceased was one, the township trustees directed the road supervisor to notify petitioner to draw in his fence; that the road supervisor in person delivered such notice in writing to the petitioner on the morning of the killing and within an hour before it took place; that upon receipt of the notice the petitioner said to the supervisor that the fence in question had been there for eight or ten years, and that he would see to it that every son-of-a-bitch who had had anything to do with that matter got tended to, and that to their hurt. The deceased was a member of the petit jury which had just been empaneled in the county court; and the court having taken a recess, he and the other jurors had come down from the court room, and the deceased was standing on the sidewalk at the foot of the stairs when the petitioner came up. Petitioner and deceased there had some words, which no one appears to have understood very clearly. One of them called the other a liar, and it must have been the petitioner, for the deceased immediately shook his first at him and said, "I will beat the stuffing out of you if you talk to me that way again. Go on away and let me alone; I don't want to have any trouble with you." Petitioner then walked off a few steps, opened his knife and came back with it opened in his hand and held behind his back, and made a remark to deceased which one witness testifies to have been, "You are no part of a gentleman, you won't do what you say you will;" thereupon deceased started at petitioner, but stopped three or four feet distant from petitioner and made no further advance. Petitioner then said, "Come on with it; if you are going to do it, do it," and immediately stuck his knife, with a three or a three and

a half inch blade, into deceased's heart, inflicting a wound from which death ensued within fifteen minutes.

There is testimony to the effect that deceased bore the general reputation of being a violent man, and the testimony of one witness to the contrary. There is a conflict of testimony as to some of the statements made, three witnesses testifying that Wilson called petitioner a son-of-a-bitch, but none of the others out of the many who testified to having· witnessed the difficulty, heard it. There are also one or two other matters in which there is some conflict in the testimony. A mere conflict of testimony, however, even upon a vital issue, does not of itself entitle the petitioner to bail. The evidence must be considered as a whole, and when so considered, unless a reasonable doubt of the defendant's guilt of a capital offense is generated, bail should be denied. *In re Thomas*, 1 Okla. Cr. 15, 93 Pac. 980. Heat of passion alone does not reduce a homicide to manslaughter; there must be adequate provocation for it, and the fatal blow must be the unpremeditated result of the passion thus aroused. Nor do mere words, gestures or threats, however opprobrious or violent, constitute in law an adequate provocation. Bishop's New Criminal Law, vol. 2, sec. 704; Wharton on Homicide, (3d Ed.) sec. 173; 21 Cyc. p. 743, and cases there cited. See, also, *Reese v. State*, 90 Ala. 624, 8 So. 818; *Allen v. State*, 52 Ala. 391; *Com. v. Eckerd*, 174 Pa. St. 137, 34 Atl. 305; *Smith v. State*, 49 Ga. 482; *Peri v. People*, 65 Ill. 17.

We find herein no element of legal justification or excuse. We do not know what may be shown upon the final trial. It is sufficient to say, without entering upon a minute discussion of the evidence, that we concur with the district court in its finding that the petitioner is not entitled to bail.

Bail will therefore be denied.

FURMAN, PRESIDING JUDGE. and DOYLE, JUDGE, concur.