*Ex parte* W. L. DYKES.

No. A-1271.

*Ex parte* BOB STANDIFER.

No. A-1272.

Opinion Filed September 11, 1911.

(117 Pac. 724.)

1.  **HABEAS CORPUS—Application for Bail—Burden of Proof.** Upon an application to the Criminal Court of Appeals for bail by writ of habeas corpus after commitment for a capital offense by an examining magistrate, the burden is upon the petitioner to show facts sufficient to entitle him to bail, when those facts do not appear from the evidence adduced on the part of the prosecution.

2.  **BAIL—Refusal—Reasonable Doubt.** If upon a consideration of all the evidence introduced on the application for bail the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused.

3.  **SAME — Murder — Evidence.** Evidence examined, and held to justify the refusal of bail to the petitioners in custody, each upon two separate charges of murder.

    (Syllabus by the Court.)

Applications of W. L. Dykes and Bob Standifer for writs of *habeas corpus* to be admitted to bail. Applications denied.

*J. S. Ratliff, H. O. Newmon, W. I. Cruce,* and *A. C. Cruce,* for petitioners.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. W. L. Dykes and Bob Standifer filed their separate petitions in this court on July 21, 1911, alleging their unlaw-

ful imprisonment and restraint in the county jail of Johnston county. by J. M. Williams, sheriff of said county.

Attached to and made a part of each petition is a transcript of the proceedings had before Butler Boyd, a justice of the peace in and for Tishomingo township, Johnston county, upon complaints filed, wherein said petitioners and one Crawford, a fugitive from justice and not apprehended, were jointly, charged with the murder of one Campbell Henderson, committed in said county on or about May 25, 1911, and with the murder of Monroe Wolfe, in said county on the same date, also a copy of the commitments issued May 30th, upon said preliminary examinations, committing said petitioners without bail upon each offense so charged to await the action of the district court thereon. On filing said petitions it was ordered that a rule to show cause why bail should not be granted be served upon. the Attorney General and the county attorney of Johnston county, and the hearing before the court was set for August 1st. On that date the cause was submitted to the court upon the testimony taken. On September 5th the court after fully considering the applications, including the testimony taken upon the preliminary examinations, made and entered an order in each cause refusing bail.

Upon the hearing it was contended on the part of the petitioners that they were entitled to bail upon the testimony taken upon the examinations, for the reason the proof is not evident or the presumption great that they are guilty of the capital offense charged in the complaints. This contention is without merit. The determination and conclusion of the court in each cause is based upon the settled rule of this court that upon an application for bail by writ of *habeas corpus* after commitment for a capital offense the burden is upon the petitioner to show facts sufficient to entitle him to bail, when those facts do not appear from the evidence adduced on the part of the prosecution. *In re Thomas et al.,* 1 Okla. Cr. 15, 93 Pac. 980; *Ex parte Johnson,* 1 Okla. Cr. 414, 98 Pac. 461; *Ex parte Watson,* 1 Okla. Cr. 595, 99 Pac. 161; *Ex parte Smith,* 2 Okla. Cr. 24,

99 Pac. 893; *In re Fraley,* 3 Okla. Cr. 719, 109 Pac. 295; *In re Bollin,* 3 Okla. Cr. 725, 109 Pac. 288.

It would serve no useful purpose to review the testimony, and to do so would probably be prejudicial to the petitioners. The claim that the condition of the health of petitioners is such that the court should exercise its discretion, and for this reason admit to bail, is also without merit. It also appeared upon the hearing that upon an application to the district court of Johnston county or the judge thereof bail was denied. The determination of the district court in this matter has our unqualified approval.

It is the opinion of the court that the petitioners upon their applications here made are not entitled to bail. Bail is therefore refused in each cause.

FURMAN, P. J., and ARMSTRONG, J., concur.