## In re JOSEPH H. BIRMINGHAM.

(154 Pac. 499.)

No. A-2618. Opinion Filed January 31, 1916.

1. BAIL—Criminal Prosecutions—Burden of Proof—Capital Offense. On the hearing of an application for admission to bail after commitment for a capital offense, to determine, whether or not the proof of guilt is evident or the presumption thereof great, the burden of proof is on the petitioner.

2. ADMISSION TO BAIL—Sufficiency of Evidence—Capital Offense. Evidence reviewed, and held sufficient to show that petitioner is entitled to be admitted to bail.

*The Criminal Court of Appeals of Oklahoma.*

Application of Joseph H. Birmingham for writ of *habeas corpus,* to the end that he be let to bail. Bail allowed.

*Pruiett, Sniggs* and *Tripp,* for petitioner.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. This is an application by Joseph H. Birmingham for a writ of *habeas corpus by* which he seeks to be let to bail pending the final hearing and determination of a charge of murder filed against him in Payne county, wherein upon his preliminary examination he was held to answer for the murder of one Guy Phillips by shooting him with a pistol on the 14th day of October, 1915.

The petitioner avers that he is now unlawfully imprisoned and restrained in the common jail of Payne county, by Henry Townsend, sheriff of Payne county, and that he is not guilty of

the crime of murder charged; that the proof of his guilt is not evident, nor the presumption thereof great.

Attached to said petition and made a part thereof is a duly certified transcript of the evidence taken on his application to the District Court of Payne county for admission to bail in said case. Which application was denied.

The evidence for the state is somewhat weak and uncertain, although it appears several persons, both male and female, were eye witnesses to the tragedy.

The testimony taken on the part of the defendant is substantially as follows:

Harry E. Stege testified that he is the superintendent of the bureau of identification of the police department of Tulsa; that he had formerly conducted a private detective agency at Oklahoma City and knows the general reputation of the deceased there as to being a dangerous and quarrelsome and turbulent character, and that it is bad; that his reputation at Tulsa was the same, and that at Tulsa about a year ago upon his conviction in the police court he took his Bertillion measurements.

E. B. McMillen testified that he was present at the road house east of Cushing, near the county line of Creek county at the time of the shooting. That the deceased walked up to Birmingham and said, "Now is a good time to settle our troubles;" that he had a long spring back knife in his hand and Birmingham backed up against the wall and as the deceased attempted to strike with the knife he shot him. That witness then grabbed the pistol; that there was present at the time John Phillips, Lon Anderson, Cecil Messenger, Ruby Bowen, and Ruth Bradley. That the shooting occurred about 11:30 that night.

The petitioner as a witness in his own behalf testified that he had known the deceased about three years and knew his general reputation in Oklahoma City and Tulsa as to being a bad and dangerous character. That he was generally known as a holdup man, and all around tough character who hung

around houses of prostitution; that petitioner was in the oil country at the time as an employee of a law and order enforcement league to get data on the transportation and selling of whisky and to take photographs of the joints.

That he had been there several days and went from Pemeta to this road house that night; that he went in and asked for a glass of water; that as he reached for the glass the deceased said, "We will cut his throat now," and pushed him and kicked him; that he backed up against the wall and the deceased came towards him with a long spring back knife in his hand and struck at him and he drew a pistol and shot him in his necessary self-defense; that some one took the pistol from him, and the deceased struck at him again with a knife and he pulled a second pistol just then the knife fell from his hand as he dropped to the floor.

By numerous decisions of this court it is held that upon an application for bail by writ of *habeas corpus,* after commitment for a capital offense by an examining magistrate, the burden is upon the petitioner to show facts sufficient to entitle him to bail, when those facts do not appear from the evidence adduced on the part of the prosecution.

*Ex parte Dykes,* 6th Okla. Cr. 162; 117 Pac. 724;

*In re Fraley,* 3rd Okla. Cr. 719, 109 Pac. 295, 139 Am. St. Rep. 988.

However, where the facts and circumstances in evidence reasonably support the issue that the accused acted in his necessary self-defense in taking the life of the deceased, the petitioner should be admitted to bail.

Upon a consideration of the testimony we are of the opinion that the petitioner herein is entitled to be admitted to bail. It is therefore ordered that said petitioner be admitted to bail upon the charge of murder now pending against him, and that his bail be and the same is hereby fixed in the sum of ten thousand dollars. Bond to be conditioned as required by law and the same to be approved by the clerk of said county.