## Ex parte CHARLES HOLDEN et al.

No. A-3310. Opinion Filed April 12, 1918.
(171 Pac. 925.)

Moman Pruiett and Victor A. Sniggs, for petitioners.

S. P. Freeling, Atty. Gen., R. E. Wood, Asst. Atty. Gen., and L. A. Pelley, Co. Atty., for respondent.

MATSON, J. The petitioners, Charles Holden and E. R. Bryce, have presented to this court a verified petition, wherein they allege that they are each unlawfully and illegally restrained of their liberty by Sheriff Ford of Jackson county, Okla.; that the cause or pretence of their confinement is that the petitioners are charged in the district court of Jackson county, Okla., by information filed therein by the county attorney of said county, with the murder of

one Dan Coffee, alleged to have been committed in said county on or about the 15th day of February, 1918. Petitioners further state that they have been given a preliminary hearing at which hearing the testimony was taken in shorthand and is transcribed, and a copy of which is attached to the petition and made a part thereof and marked "Exhibit A." Petitioners further allege that their restraint is illegal and unlawful because they are not guilty of said murder or any other crime, and that the proof of their guilt is not evident nor the presumption great as shown by the testimony taken in the preliminary examination; that they have presented a petition for a writ of habeas corpus to be allowed to bail to Hon. Frank Mathews, district judge within and for Jackson county, but that said judge refused bail. A response to said petition has been filed on behalf of J. C. Ford, sheriff of Jackson county, wherein he admits that he is holding said petitioners on a commitment duly and legally issued, wherein they are charged with the crime of murder of one Dan Coffee as alleged in the petition, but said respondent denied that the cause of their restraint is illegal, and alleges the facts to be that the proof of their guilt of said murder is evident and the presumption thereof great, and for such reason petitioners should be held without bail. The hearing on said application was had on the 11th day of April, 1918, at which time the matter was orally argued on behalf of the petitioners by Hon. Moman Pruiett, their attorney, and on behalf of the respondent by Hon. L. A. Pelley, county attorney of Jackson county.

It is unnecessary to enter into a discussion of the facts in this case. To discuss the facts before trial is had, where the writ is denied, might become prejudicial to the applicants. Therefore we think the proper course to pursue is to avoid any discussion which might become in any way prejudicial to either the applicants or the state. We deem it sufficient therefore, to say that we have carefully examined the evidence in support of the application, and are of the opinion that there is a failure to prove that either of the petitioners is entitled to be admitted to bail as a matter of legal right. The testimony on the part of the state is evidence of their guilt of the crime of murder.

It is therefore considered and adjudged by the court that the writ be denied, and that bail be refused to both applicants.

DOYLE, P. J., and ARMSTRONG, J., concur.