*Ex parte* A. C. MULLINS.

No. A-3933—Opinion Filed March 19, 1921.

(196 Pac. 145.)

(Syllabus.)

1. **BAIL—Murder—Refusal of Bail.** Upon an application for bail after commitment upon a charge of murder, on the ground that the proof of guilt is not evident, nor the presumption thereof great, and upon a consideration of all the evidence offered the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt, bail will be refused.

2. **SAME.** Evidence considered, and held to justify the refusal of bail to a petitioner in custody upon a charge of murder.

Petition by A. C. Mullins for a writ of *habeas corpus* to obtain his release on bail. Writ denied.

*James Springer* and *Charles H. Garnett,* for petitioner.

The Attorney General and *W. C. Ball,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The petition filed on behalf of A. C. Mullins, March 9, 1921, for writ of *habeas corpus* to be let to bail, discloses that he is held in custody by virtue of a certain commitment issued by W. P. Williams, county judge, Tulsa county, sitting as an examining magistrate upon a complaint wherein petitioner A. C. Mullins and B. G. Larkins were jointly charged with the murder of one Frank Duke, in Tulsa county, on the 19th day of December, 1920. It appears that an application for bail in the district court of Tulsa county was heard and denied on the 17th day of February, 1921.

It is averred that the proof of his guilt is not evident nor the presumption thereof great, which will appear from a transcript of the testimony taken upon said preliminary examination attached to said petition.

It would serve no useful purpose to detail the testimony, and in view of a trial before a jury to do so would possibly be prejudicial to petitioner. The testimony shows that on the date alleged petitioner and his codefendant drove to a roadhouse near Tulsa, accompanied by the wife of the deceased and another woman; that the deceased followed them, reaching the roadhouse as the defendants were leaving, and following them back to the city he overtook them on North Main street, and called to his wife to stop; that she told petitioner that it was her husband and not to shoot him; that as the car in which the deceased was riding came alongside the car in which petitioner was riding, he shot the deceased. The hour was shortly after midnight, and death resulted from the gunshot wound three or four hours later.

As a witness in his own behalf petitioner testified that he did not know who was in the car, that he heard

the deceased say, "Stop, you sons of bitches, or I will kill you," and believing that they were highjackers he pulled his gun and fired.

After careful examination and consideration of the record, we are of opinion that petitioner has not met the burden placed upon him by law, and is not entitled to bail as a matter of lawful right. Our conclusion is based upon the settled rule of this court that upon an application for bail by writ of *habeas corpus* after commitment for a capital offense before an examining magistrate, the burden is upon the petitioner to show that he is illegally deprived of his liberty; that is, the burden is upon him to show facts sufficient to entitle him to bail when said facts do not appear from the evidence on the part of the prosecution.

It is therefore considered and adjudged that the writ be refused and bail denied.

MATSON and BESSEY, JJ., concur.