Ex parte WILLIAM WEATHERS.

No. A-5282. Opinion Filed March 18, 1925.
(234 Pac. 219.)

(Syllabus.)

1. Habeas Corpus—Burden on One Committed on Charge of Murder to Show Right to Bail. Upon an application for bail after commitment upon a charge of murder, on the ground that the proof of guilt is not evident nor the presumption thereof great, and upon a consideration of the evidence, it is held, that the petitioner is not entitled to bail as a matter of strict legal right.

2.     **Habeas Corpus—Discussion of Facts or Law by Court of Appeals, in Refusing Bail for Capital Offense, Avoided.** In order that it may not prejudice the rights of a defendant in a capital case upon his final trial, this court will not ordinarily, in refusing an application for bail, discuss either the facts or the law of the case.

Petition of William Weathers for habeas corpus to be admitted to bail. Writ denied.

Joe M. Adams, for petitioner.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for respondent.

DOYLE, J. The petition filed on behalf of William Weathers, September 2, 1924, shows that he was committed by a justice of the peace of Pottawatomie county, after a preliminary examination and without bail, to answer to the district court of that county upon a charge of murder, alleged to have been committed on August 12, 1924, by shooting David Hudson. An application for bail was made to the district court of said county and the same was denied.

On the application to this court a rule to show cause why the writ should not be awarded as prayed for issued, returnable September 6, 1924. The hearing on said application was had on the 11th day of September, 1924, at which time the cause was submitted on the transcript of the testimony taken on the hearing had in the district court of said county.

After a careful examination and consideration of the evidence upon which the application for bail was submitted, it was the opinion of the court that petitioner is not entitled to bail as a strict legal right. The determination and conclusion of the court in this case is based upon a settled rule that upon an application for bail by writ of habeas corpus, after commitment, for a capital offense by an examining magistrate, the burden is upon

petitioner to show facts sufficient to entitle him to bail, when those facts do not appear from the evidence adduced on the part of the prosecution. Ex parte Johnson, 1 Okla. Cr. 414, 98 P. 461; Ex parte Dykes, 6 Okla. Cr. 162, 117 P. 724; Ex parte Mullins, 18 Okla. Cr. 478, 196 P. 145; Ex parte Holden, — Okla. Cr. —, 171 P. 925.

It is unnecessary to enter into a discussion of the facts in this case, and we shall adhere to the rule that in denying an application for bail neither the facts nor the law in such case will ordinarily be discussed by the court, lest it prejudice the rights of the defendant on his final trial.

It was accordingly adjudged and ordered that the writ be denied and that bail be refused.

MATSON, P. J., and BESSEY, J., concur.