## Ex parte KEITH DECKER.

No. A-6667.   Opinion Filed June 28, 1927.
(257 Pac. 332. )

Hill & Banta, and Mathers & Whiteside, for petitioner.

Smith C. Matson, Asst. Atty. Gen., and Homer H. Bishop, Co. Atty., for respondent.

EDWARDS, J. This is an original application by Keith Decker for a writ of habeas corpus to be admitted to bail.

This case was submitted on the verified petition of Keith Decker with the return showing that petitioner is held by respondent, under a commitment of a magistrate, in the county jail of Seminole county. With the petition is a transcript of the testimony taken at the preliminary hearing. Bail was denied by the magistrate, and by the district judge of the county to whom application was made by habeas corpus.

An examination of the testimony discloses that on the 7th day of June, 1927, petitioner, in the town of Seminole, shot and killed one O. B. or Slim Harris. The state offered testimony of several eyewitnesses and a dying declaration. From this it appears that petitioner and deceased were interested jointly in handling narcotics. On the morning of the homicide petitioner and one Pomroy were driving an automobile out of an alley as deceased came along the sidewalk. Petitioner got out of the car and assaulted deceased by striking at him with a pistol, and, as he backed away with his hands up, shot him, from the effects of which shot he died in a short time. The evidence of the state makes a case of murder. Petitioner offers testimony of eyewitnesses that he was accosted by deceased, who attacked and struck at him with a knife, and that petitioner during the difficulty struck at deceased with the pistol and then fired. Petitioner testified that deceased accosted him, then struck at him twice with a knife, and that he struck at deceased with the pistol and while using the pistol as a club the fatal shot was accidentally fired.

Where an accused is charged with crime he is entitled to bail except in a capital case where the proof is evident or the presumption thereof great, in which case the offense is not bailable. Section 2921, Comp. Stat. 1921.

It is well settled that upon an application by habeas corpus to be let to bail after commitment for a capital offense by a magistrate, the burden is upon the petitioner to show that he is illegally restrained of his liberty. Ex parte Smith, 2 Okla. Cr. 24, 99 P. 893; Ex parte Dykes, 6 Okla. Cr. 162, 117 P. 724; Ex parte Lytton, 31 Okla. Cr. 369, 239 P. 270.

It is not sufficient to authorize bail that there is a conflict of testimony in the essential ingredients of the crime charged. The testimony should be viewed as a whole and the credibility of the witnesses weighed in the light of all the surrounding circumstances. Then, unless it appears that there is a reasonable doubt of the guilt of the accused of a capital offense, or if there be a reasonable doubt, yet upon such consideration of the entire testimony the presumption is great, bail should be denied. In re Bollin, 3 Okla. Cr. 725, 109 P. 288; Ex parte Lytton, supra.

The testimony disclosed that petitioner had been twice convicted of a felony; two of his witnesses admitted they were drug addicts. These facts, with the appearance of the witnesses, and their candor or frankness or lack thereof and their manner and conduct on the stand, were observed by the magistrate. We are not warranted in disturbing the order of the magistrate and the district judge.

Bail is denied.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.