## Ex parte BERT POPE.

No. A-6711.  Opinion, Filed Aug. 1, 1927.
(259 Pac. 149.)

Clay Snodgrass, O. A. Cargill, and Stansell White-side, for petitioner.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for respondent.

EDWARDS, J.  This is an original application by Bert Pope for a writ of habeas corpus to be admitted to bail.

This cause was submitted on a verified petition with the return showing that petitioner is held by respondent in the county jail of Jackson county under commitment of a magistrate.  Bail was denied by the magistrate, and it is shown that the district judge of the district in which Jackson county is a part is outside the state of Oklahoma, and for that reason application to the district judge was not made.  With the petition is a transcript of the testimony taken at the preliminary.

The evidence offered by the state tends to show that

on the night of July 9, 1927, petitioner and one Denzil Chastain attended a dance near the town of Blair; they were drinking and some disturbance was occasioned by their conduct; when they left the dance Les Bellows, a young man of defective mentality, got in the car and left with them. He was found early the next morning beaten and wounded, from the effects of which he died. Neither petitioner nor Chastain testified. Since the case is yet to be tried, we deem it best that the evidence be not set out nor discussed further.

Where an accused is charged with crime, he is entitled to bail except in a capital case where the proof is evident or the presumption thereof great, in which case the offense is not bailable. Section 2921, Comp. Stat. 1921.

Under this statute, it is well settled that, upon application by habeas corpus to be let to bail after commitment or preliminary for a capital offense, the burden is on the petitioner to show that he is illegally restrained of his liberty. Ex parte Smith, 2 Okla. Cr. 24, 99 P. 893; Ex parte Dykes, 6 Okla. Cr. 162, 117 P. 724; Ex parte Lytton, 31 Okla. Cr. 369, 239 P. 270.

Upon such application for bail, the testimony should be viewed as a whole, and the reasonable inferences and deductions therefrom indulged in the light of all the circumstances proved. Then, unless it appears that there is a reasonable doubt of the guilt of the accused of a capital offense, or if there be a reasonable doubt, yet by the terms of the statute if upon a consideration of the entire testimony the presumption is great, bail should be denied. In re Bollin, 3 Okla. Cr. 725, 109 P. 288; Ex parte Lytton, supra.

Under the record before us, petitioner has not made it appear that the proof is not evident nor the presump-

tion great. Such being the case, petitioner is not entitled to bail.

Writ denied.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.