## Ex parte SMITH WHITENACK.

No. A-6739.   Opinion Filed Sept. 6, 1927.
(259 Pac. 165.)

Meacham & Meacham, Sylvester Grim, and Darnell & La Rue, for petitioner.

Edwin Dabney, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., Willis Cooke, County Atty., and James H. Mathers, for the State.

DOYLE, P. J. In this proceeding the petitioner, Smith Whitenack, by his attorneys has presented to this court a verified petition wherein he alleges he is unlawfully imprisoned and restrained of his liberty in the county jail of Custer county, by the sheriff of said county; that the cause of said restraint is that he was committed to said county jail by E. J. Lindley, judge of the county court, sitting as an examining magistrate, upon preliminary examination held August 8, 1927, on a complaint charging that in the said county on the 29th day of July, 1927, he did kill and murder one Harrison Hicks, by shooting him with a pistol, and that thereafter, on the 23d day of August, 1927, upon a hearing had before the Hon. E. L. Mitchell, district judge, said judge refused to allow bail; that petitioner is now held by virtue of a commitment issued by the judge of the county court aforesaid; that he is not guilty of the crime of murder as charged in said complaint; that upon the evidence introduced on said preliminary examination before said district judge, together with affidavits of certain other persons which are presented herewith, it is

shown that the proof of his guilt of the crime of murder is not evident, nor the presumption thereof great.

A transcript of the testimony, taken on the preliminary examination and before the district judge, is annexed to and made a part of the petition.

Upon the filing of the petition, August 24, 1927, a rule to show cause issued, returnable on the 27th day of August, at 10 o'clock a. m., in the court room of this court, at which time a hearing was had and the cause submitted upon the evidence and argument of counsel.

The settled rule of this court is that upon an application for bail by writ of habeas corpus after commitment for a capital offense by an examining magistrate, the burden is upon petitioner to show facts sufficient to entitle him to bail, when these facts do not appear from the evidence adduced on the part of the prosecution; and, if, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused. In re Bean, 17 Okla. Cr. 576, 190 P. 1091; Ex parte Butler, 15 Okla. Cr. 111, 175 P. 132; In re Kerriel, 12 Okla. Cr. 386, 157 P. 369; Ex parte Sipe, 22 Okla. Cr. 303, 210 P. 1039.

Upon the record before us and without entering into a discussion of the facts, we deem it sufficient to say that, in our opinion, petitioner is not entitled to be admitted to bail as a matter of legal right. It is therefore considered and adjudged that the writ be denied and bail refused.

EDWARDS and DAVENPORT, JJ., concur.