Ex parte LUTHER DITMORE.

No. A-7283.    Opinion Filed Feb. 22, 1929.
(274 Pac. 697.)

J. Q. A. Harrod, Laynie W. Harrod, and H. W. Morgan, for petitioner.

Edwin Dabney, Atty. Gen., J. H. Lawson, Asst. Atty. Gen., S. P. Freeling, A. J. Morris, Ted Morgan, and Sam L. Wilhite, for the State.

EDWARDS, P. J. This is an original proceeding in habeas corpus. The petitioner alleges that heretofore he was charged by a preliminary complaint before the county judge of Caddo county with the crime of murder in the killing of one Ted Fisher, that a preliminary trial was had, and that petitioner was held without bail for trial in the district court on said charge; that thereafter he filed a petition for a writ of habeas corpus before Hon. Will Linn, district judge, to be let to bail; that said petition was denied, and he is in the custody of the sheriff of Caddo county. Petitioner avers in substance that the proof is not evident nor the presumption great that he is guilty of the crime of murder, and that he is entitled to be admitted to bail pending trial. There is attached to his petition a transcript of the testimony taken at the preliminary hearing, and he introduced in evidence here a further transcript, taken before the district judge on his application.

In this state a person charged with an offense less than capital is entitled to bail as a matter of right. In criminal cases where the punishment may be death, a person accused may be admitted to bail by the Criminal Court of Appeals, or by the district court or superior court, or by a justice or judge thereof, unless the proof is evident or the presumption great, in which case the offense is not bailable. Sections 2920, 2921, Comp. Stat. 1921. Where a person is charged with a capital crime, and has made application to the district or superior court or a judge thereof for bail, which is denied, and his application is made to this court, the burden is on him to show that the proof is not evident, nor the presumption great, and unless he sustains such burden bail should be denied. Ex parte Pope, 37 Okla. Cr. 366, 259 P. 149; Ex parte Whitenack, 38 Okla. Cr. 102, 259 P. 165; In re Jones, 41 Okla. Cr. 224, 271 P. 426. Where the homicide is proven or admitted, this court, on an ap-

plication for bail, will not indulge any presumption for the accused either of justification or mitigation (Ex parte Fraley, 3 Okla. Cr. 719, 109 P. 295, 139 Am. St. Rep. 988), but will examine all the evidence introduced both for the state and the petitioner, and if, upon a consideration of all the evidence, the petitioner has failed to sustain the burden cast upon him, bail will be denied.

Upon an application for bail, we refrain from discussing the evidence more than absolutely necessary, in order that any statement we may make should not influence the trial. It is necessary, however, to refer briefly to the testimony. From the record it appears that petitioner is 40 years of age and deceased was 26 years of age. There was no particular disparity physically in size. Petitioner admits he was a bootlegger, and that Fisher, the deceased, frequently came to his residence, and on the day of the homicide he came there, and other parties were also there, and that all drank whisky served by petitioner; that later all left the residence, except petitioner, his wife, and Fisher; soon Fisher left, and then petitioner left, and was gone 30 or 40 minutes, returned, and discovered Fisher in the act of having sexual intercourse with his wife; that he rushed into the house, and as Fisher raised, with a butcher knife in his hand, he knocked the knife from his hand, then struck him, and they scuffled and fought for some time; that he threw deceased on the floor and "stomped" him to death. The wife of petitioner also testified in corroboration. They were the only eyewitnesses.

The details of the homicide are revolting in the extreme. The circumstances and the physical facts surrounding the killing, however, throw considerable light upon it, and tend very materially to impeach the oral testimony. The first person to appear at the home after the killing, possibly some 30 or 40 minutes later, was a young woman who had been working there. Petitioner

met her at the door and inquired if she was his friend, and, on being assured that she was, she entered and he showed her the body lying on the floor of the bedroom, and upon her suggestion called an officer, who in turn called a physician. When they appeared, the body was in a state or repose, almost upon its back, the feet stretched out, one arm pulled over the body. The belt which supported the trousers of deceased was unbuckled in front, the trousers laid back, the underclothing open, and the privates laid out upon one side. There were blood marks upon the underclothing and upon the privates, which the physician testified were finger prints. The trousers on the body of deceased at the back were in the normal position. From these and other circumstances, not recited, with some unreasonable features of the testimony of petitioner and his wife, the conclusion seems almost irresistible that the body had been posed in the position in which it was found. This must have been the conclusion reached by the district judge. Under all the evidence adduced, and the circumstances shown, it appears to us to be a reasonable and logical deduction. As the case has not yet been tried, we withhold any further statement of the evidence or conclusions based thereon.

We are of the opinion that the petitioner has not sustained the burden placed upon him by the law, and that bail should be denied.

DAVENPORT, and CHAPPELL, JJ., concur.