Ex parte LUTTIE DAVIS et al.

No. A-7919. Opinion Filed July 25, 1930.
(290 Pac. 356.)

Jas. M. Shackelford, Ben Williams, Logan Stephen son, and Ethel M. Proffit, for petitioner.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   This is an original proceeding in habeas corpus.   It is made to appear that on June 14, at the negro village of Clearview in Okfuskee county, petitioner Luttie Davis, with a Colts revolver, shot one J. E. Thompson four times, killing him almost instantly.   Three of the wounds were inflicted from the rear, two of them near the backbone.   All the parties are negroes.   The deceased had been a deputy sheriff and at times worked under the direction of the sheriff among members of his race.   On the day in question the petitioners were at the town and with others of their race engaged in a crap game at a gin, during which a difficulty arose among some of the participants in which one was cut with a knife.   Upon hearing of this, Thompson, the deceased, called up the sheriff at Okemah and asked him to come over and arrest the parties.   The sheriff instructed him to make the arrest and to hold the parties until he came.   Petitioner Luttie Davis, who lived at Clearview, went to his house, got his pistol, and returned with it, and near a filling station discharged it, but on being advised by his brother deposited it in a restaurant.   He later went over to get the pistol and his copetitioner, Clifford Davis, waited outside. About that time deceased drove up in an automobile and Clifford engaged him in a conversation, and, while so en-

gaged, Luttie Davis came out, walked up to the car, and, as stated, shot and killed Thompson while sitting under the wheel of his car. Petitioners contend they acted in self-defense, that there was a shotgun in the back seat of deceased's car, and that at the time the shots were fired deceased was reaching into his pocket for a pistol. It is particularly insisted that in any event the petitioner Clifford Davis is entitled to bail. If the evidence as to Clifford Davis were considered alone, this contention would have weight, but since slight concert of action or collusion in the commission of a crime renders the act of one conspirator the act of all, and as there is sufficient evidence of an acting together to make evidence of the acts of Luttie Davis competent against Clifford Davis, they stand on an equality in the matter of bail. Gibson v. State, 45 Okla. Cr. 412, 283 Pac. 791.

Under the provisions of section 2921, Comp. St. 1921, a person charged with murder shall be admitted to bail unless the proof is evident or the presumption great. In a capital case after commitment by an examining magistrate where application is made by habeas corpus to be let to bail, the burden is on petitioner to show that the proof is not evident nor the presumption great, and, unless he sustains such burden, bail should be denied. Ex parte Pope, 37 Okla. Cr. 366, 259 Pac. 149; Ex parte Whitenack, 38 Okla. Cr. 102, 259 Pac. 165; Ex parte Jones, 41 Okla. Cr. 224, 271 Pac. 426; Ex parte Ditmore, 42 Okla. Cr. 111, 274 Pac. 697.

Where the homicide is proven or admitted, this court, on an application for bail, will not indulge any presumption for the accused either of justification or mitigation. Ex parte Fraley, 3 Okla. Cr. 719, 109 Pac. 295, 139 Am. St. Rep. 988; Ex parte Ditmore, supra.

There is in this case a conflict in the testimony. Mainly, however, the conflict is between defendants and the witnesses for the state. The physical facts, particularly the wounds in the back, tend to sustain the state's theory that the homicide was not an act of self-defense. A mere conflict of testimony even upon a vital issue does not of itself entitle a defendant held for murder to be admitted to bail. The evidence must be considered as a whole, and, when so considered, unless a reasonable doubt of the defendant's guilt of murder is generated, bail should be denied. In re Bollin, 3 Okla. Cr. 725, 109 Pac. 288. Even if there should be a reasonable doubt of the guilt of the accused of murder, yet, if upon an examination of the entire record the presumption is great that the accused is guilty of a capital offense, he is not entitled to bail. Ex parte Lytton, 31 Okla. Cr. 369, 239 Pac. 270; Ex parte Pope, 37 Okla. Cr. 366, 259 Pac. 149.

Under the record before us, petitioners have not made it appear that the proof is not evident nor the presumption great. Such being the state of the record, they are not entitled to bail.

The writ is denied.

DAVENPORT, J., concurs. CHAPPELL, J., absent, not participating.