## Ex parte CLYDE CLICK.

No. A-7996.  Opinion Filed Oct. 11, 1930.
(292 Pac. 371.)

Thompson & Kice, King & Crawford, J. Wm. Crawford, Claude V. Thompson, John P. Crawford, and C. O. Barton, for petitioner.

J. Berry King, Atty. Gen., for the State.

EDWARDS, P. J.   This is an original proceeding in habeas corpus to be let to bail.   Petitioner alleges that he is unlawfully restrained by the sheriff of Pontotoc county.   That he is charged with murder for the killing of one J. D. Sloan, and upon a preliminary hearing before a magistrate was held without bail for the district court of Pontotoc county.   That the proof is not evident nor the presumption great.

An examination of the transcript of the testimony taken at the preliminary hearing discloses that on the date charged petitioner made an unprovoked assault on the deceased Sloan. Eyewitnesses testified that just prior to the homicide deceased, who was a taxi driver, was looking at a passenger train as it arrived. Petitioner approached him from the rear, and, without any words being spoken, knocked him to the sidewalk, then kicked him several times on the head, got on the body and struck him with his fists, and made an expression of malice, when some one present asked that his further assault be prevented. There was a fracture on the left side of the head of deceased one and one-half inches long, a fracture on the right side about one inch long, and there were other wounds about the head and face. Death resulted from concussion of the brain. The defendant did not take the stand, and offered no testimony.

It is well settled that, where the defendant in a capital case, held by an examining magistrate, makes application by habeas corpus to be let to bail, the burden is upon him to show facts sufficient to entitle him to bail unless such facts appear from the evidence adduced on the part of the prosecution. Ex parte Pope, 37 Okla. Cr. 366, 259 Pac. 149; Ex parte Whitenack, 38 Okla. Cr. 102, 259 Pac. 165; In re Jones, 41 Okla. Cr. 224, 271 Pac. 426; Ex parte Ditmore, 42 Okla. Cr. 111, 274 Pac. 697.

Here the evidence discloses an unprovoked and vicious assault without excuse or provocation. This court does not presume either justification or mitigation. In re Fraley, 3 Okla. Cr. 719, 109 Pac. 295, 139 Am. St. Rep. 988.

The writ is denied.

CHAPPELL, J., concurs.

DAVENPORT, J., dissents.