## In re FRED RECTOR.

No. A-8047.   Opinion Filed Jan. 3, 1931.
(294 Pac. 823.)

Tillman & Tillman, for petitioner.

J. Berry King, Atty. Gen., for respondent.

EDWARDS, P. J. This is an original proceeding in habeas corpus. Petitioner alleges he is unlawfully restrained in the city jail of Muskogee by the sheriff of Adair county upon a commitment of a magistrate denying petitioner bail on a charge of robbery; that the proof of his guilt is not evident nor the presumption great. Attached to the petition is a transcript of the testimony taken before the committing magistrate.

The transcript of the testimony discloses that in October, 1930, a bank at Westville, Adair county, was robbed by two men who came into the bank and with firearms held up the employees and the board of directors which was then in session and took about $3,200. As they left the bank and were entering a car parked nearby, one of the employees opened fire and so seriously wounded Tom Hayworth, one of the robbers, that he died. One of the officers of the bank was shot in the hand. The other person who assisted in the actual robbing of the bank escaped and has not been apprehended.

The theory of the state is that petitioner aided and abetted in the robbery; that he was in a car not far from the town of Westville to assist and did assist in the escape of the robbers. There is evidence to sustain the committing magistrate in his finding of sufficient cause to hold petitioner as a participant in the robbery. By chapter 44, Session Laws 1925, robbery with firearms is made a capital offense. In a capital offense, where the proof is evident or the presumption great, the accused is not entitled to bail. Article 2, § 8, State Const; section 2921, Comp. Stat. 1921. After commitment, denying bail, by a magistrate, the burden is on petitioner to show that he is

illegally deprived of his liberty. Ex parte Stone, 41 Okla. Cr. 12, 269 Pac. 785; Ex parte Ditmore, 42 Okla. Cr. 111, 274 Pac. 697.

The writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.