Ex parte RICHARD DANIELS.

No. A-8479.   Oct. 14, 1932.
(15 Pac. [2d] 148.)

Mathers & Mathers, for petitioner.

J. Berry King, Atty. Gen., for respondent.

EDWARDS, J. This is an original proceeding by petitioner to be let to bail. Petitioner alleges that he is charged in the district court of Cleveland county with robbery with firearms, and that he has been denied bail by the district judge of Cleveland county; that he is not guilty; that the proof is not evident nor the presumption

great. The case is submitted on the evidence taken at the preliminary. Defendant did not take the stand. The transcript discloses that on September 6, 1932, defendant in the town of Norman engaged one Foster to drive him to a designated place. After driving some distance, petitioner with a pistol held up Foster, took his money, required him to blink his lights as a signal to another car which evidently was waiting, then forced Foster to drive him across the South Canadian, tied up Foster, took his car, and left with the remark that he ought to kill him. At the time of the preliminary, the car had not been recovered. The identification is positive. Petitioner is an ex-convict, having served a prior term for robbery.

Heretofore bail has been allowed in robbery cases, where no personal injury was inflicted, although this has not been expressed as a definite policy of this court. The evidence in this case tends to prove that petitioner conspired with others to commit this robbery, and that he is an habitual criminal. The prima facie showing of guilt is strong. The offense has as an extreme punishment the death penalty. Robbery with firearms has become all too common. In most cases one who commits a robbery with firearms is a potential murderer, who does not shoot his victim because he submits and offers no resistance. Society must protect itself from this dangerous criminal element. One shown to be guilty of robbery with firearms is not entitled to bail as a matter of right. Article 2, § 8, Const.; sections 2920, 2921, Comp. St. 1921. See In re Rector, 49 Okla. Cr. 364, 294 Pac. 823. We see nothing mitigating in the offense charged requiring the admitting of petitioner to bail.

The writ is denied.

DAVENPORT, P. J., and CHAPPELL, J., concur.