Ex parte CLAUDE PINKERTON.

No. A-9052.   Jan. 21, 1936.
(54 Pac. [2d] 222.)

Phil K. Oldham, for petitioner.

Mac Q. Williamson, Atty. Gen., and A. Camp Bonds, Co. Atty., for the State.

EDWARDS, P. J.   This is an original proceeding in habeas corpus to be let to bail.   Petitioner, a white man, is charged with murder in Muskogee county in the killing of Alonzo Ashley, a negro.   He alleges the proof is not evident nor the presumption great, and that he is entitled to bail on the evidence of the state.   He had a preliminary hearing before a magistrate in which the state introduced ample proof of probable cause.   Petitioner did not take the stand and offered no testimony.   As a trial has not been had, we deem it unnecessary to make a recital of, or comment on, the state's testimony.

Article 2, § 8, of the state Constitution, provides, in substance, that all persons charged with crime shall be allowed bail except for capital offenses where the proof is evident or the presumption great.   After one charged with a capital offense has been held for trial by a committing magistrate, he may make application to be let to bail before a district or superior court or by a justice or judge thereof or to this court.   Section 2814, Okla. Stat. 1931.   Upon an application for bail by habeas corpus, the burden is on the petitioner to show that he is illegally deprived of his liberty; that is, it must be made to appear that the proof is not evident nor the presumption great that he is

382

guilty of a capital offense. Ex parte Lacy, 20 Okla. Cr. 440, 203 Pac. 1050; Ex parte Smith, 31 Okla. Cr. 132, 237 Pac. 464; Ex parte Davis, 48 Okla. Cr. 199, 290 Pac. 356; Ex parte Welsher, 53 Okla. Cr. 81, 8 Pac. (2d) 76.

This court indulges no presumption for the accused either of justification, mitigation, or reasonable doubt by reason of a conflict of testimony. In general, where there is a sufficient showing of probable cause of the commission of a capital crime by defendant, he is not entitled to bail where he does not take the stand and disclose his defense and submit himself to cross-examination. There is little use for a defendant to apply to this court for bail where he has not taken the stand.

The writ is denied.

DAVENPORT and DOYLE, JJ., concur.