HOPKINS *v.* THE STATE.

No. 13216.   April 11, 1940.

182

*E. S. Chastain* and *J. H. Williams,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, John S. Gibson, solicitor-general,* and *Herschel E. Smith, assistant attorney-general,* contra.

Duckworth, Justice. ■ Ground 4 of the motion for a new trial complains of the following excerpt from the charge to the jury: "The charge of the court is the law of the case, and by it you are bound, except that you are the judges of the law in applying it to the facts as you find them to be." It is insisted that this portion of the charge declared an exception to the rule of law that the jury is bound by the law as given them in charge, and that it worked an injury to the defendant, in that the jury were caused thereby to believe that they were not bound by the law as given by the court and might give little or no weight to the portions of the charge relating to reasonable doubt and other matters favorable to

the movant. The excerpt excepted to can not be understood and properly construed without at the same time taking into consideration the instruction immediately preceding, which was as follows: "You are the judges of both the law and the facts in criminal cases. The law you take from the court as given you in charge, and the facts you get from the witnesses who testify.in the case and from the statement of the defendant, and to the facts you apply the law, and thus make your finding." From these two parts of the charge it is apparent that the jury was instructed as required by the Code, §§ 2-201, 27-2301. It has been held by this court that the jury should make application of the law to the facts, and the result of that application is the exclusive province of the jury to find. *Smith* v. *State,* 49 *Ga.* 482; *McRae* v. *State,* 52 *Ga.* 290 (5); *Jackson* v. *State,* 91 *Ga.* 271 (5) (18 S. E. 298, 44 Am. St. R. 22). In *Habersham* v. *State,* 56 *Ga.* 61, it was held that "it is error to charge the jury that they are in no sense judges of the law." There is no merit in this ground.

■ Complaint is made because the court charged the jury as follows: "In the event you should find the defendant guilty of murder, the form of your verdict would be, 'We, the jury, find the defendant guilty.'" It is here insisted that this instruction, being complete within itself, unqualifiedly instructed the jury that if they found the defendant guilty of murder they should bring in the verdict stated, without more, that it excluded the recommendation to life imprisonment which the jury is authorized to make, that it led the jury to believe that if they found the defendant guilty of murder they should return a verdict in the form given, thus automatically imposing the death penalty, and that it was misleading and confusing to the jury. In our consideration of this ground of the motion we have read carefully the charge of the court with reference to the form of the verdict the jury should return. We do not believe that this isolated sentence from the charge correctly or fairly reflects the true meaning of the instructions actually given to the jury. An examination of the charge discloses that immediately preceding the portion excepted to the jury was instructed as follows: "The punishment for persons convicted of murder shall be death, unless the jury trying the case recommend that the defendant be punished by imprisonment in the penitentiary for life." Immediately following the excerpt complained of the jury

was instructed as follows: "Upon the return of such a verdict it would be the duty of the court to sentence the defendant to be electrocuted at the State prison farm at Reidsville, Georgia. If you should convict the defendant of murder and desire to recommend mercy, or recommend that he be punished by imprisonment in the penitentiary for life, you would have a right to attach that recommendation to your verdict. Should you do that, it would be the duty of the court to sentence the defendant to hard labor in the penitentiary of this State for life. In the event you should convict the defendant and recommend mercy, or that he be punished by imprisonment in the penitentiary for life, the form of your verdict would be, 'We, the jury, find the defendant guilty, and we recommend that he be punished by imprisonment in the penitentiary for life.' Should you render that kind of a verdict, it would be the duty of the court to sentence the defendant at hard labor in the penitentiary for life." Thus it clearly appears that the jury was fully and properly instructed on the form of the verdict they should render, their right to recommend mercy, and the meaning of such recommendation. Of course the judge did not do the impossible and speak the entire instruction in one word, but he charged the law in a correct and clear manner, and left no room for confusion or misunderstanding on the part of the jury. Cf. *Miller* v. *State*, 151 *Ga*. 710 (4) (108 S. E. 38). The purpose of the law is that the charge as a whole give instructions to the jury on the law involved; and it is not required that the judge repeat in connection with instructions on each principle of law all instructions on the other principles involved in the case. See *Lanier* v. *State*, 187 *Ga*. 534 (6) (1 S. E. 2d, 405). There is no merit in this assignment.

■ Grounds 6 and 7 of the motion make substantially the same assignment of error. In both, a series of questions, colloquies between counsel, and statements by the court are set forth. In the first, it is complained that error was committed in allowing the testimony, and in the latter it is complained that error was committed in refusing to exclude the same. Neither ground shows any ruling of the court of which complaint is made, and both grounds show that at the conclusion of the interrogation of the witness and his answers, statements by the court, and by counsel, counsel for the defendant said: "I would like to say this, that the

description given to the negro's word, if the court please, I don't think that it would be competent. It is hearsay." Whereupon the solicitor-general stated: "I doubt it myself. I don't insist on it." Irrespective of whether the testimony in question was admissible, and whether counsel for the defendant objected thereto and error is properly assigned, when counsel made the statement above quoted, which was followed immediately by the statement of the solicitor-general above quoted, the evidence was in effect withdrawn from the jury, and the silence of counsel for the defendant is indicative of a satisfaction therewith; and in the absence of any request of the court to instruct the jury that the evidence was withdrawn, there is no legal ground for complaint on the part of the defendant. There is no merit in either of these grounds.

■ The first three grounds of the motion for a new trial question the sufficiency of the evidence to support the verdict. In the light of the defendant's statement to the jury, it can not be said that he denies having struck the blow that resulted in the death of the deceased. The evidence for the State to the effect that the defendant did strike the fatal blow is unchallenged and unimpeached. But it is insisted that the evidence does not meet the requirements of the statute (Code, § 26-1002), that the killing must be done with malice aforethought, either express or implied. Express malice is defined (§ 26-1003) as being "that deliberate intention unlawfully to take away the life of a fellow creature, which is manifested by external circumstances capable of proof." The uncontradicted evidence shows that immediately before the fatal blow was struck the defendant cursed the deceased and called him a vile and vulgar name. Thus it can not be said that the evidence does not show express malice. However, malice need not be express, but may be implied. The Code, § 26-1004, declares that "malice shall be implied where no considerable provocation appears, and where all the circumstances of the killing show an abandoned and malignant heart." These grounds of the motion are without merit. The evidence supported the verdict.

*Judgment affirmed. All the Justices concur.*