38290. HAYES *v.* GIDDENS *et al.*

Decided June 16, 1960.

E. L. Smith, for plaintiff in error.

Burt & Burt, W. H. Burt, contra.

Felton, Chief Judge. The general grounds of the motion for a new trial have been abandoned. Special ground 4 of the amended motion complains that the court "in charging the jury went outside the pleadings in the case and charged the jury the law with reference to partnerships" in certain specified particulars. It is averred that the charge complained of "did not apply in said case," and "that the effect on the jury of charging on partnership was confusing." A ground of a motion for a new trial complaining that the charge of the court is misleading or confusing is too general to be considered, where, as here, it fails to allege wherein it was misleading or confusing. Riddle v. Sheppard, 119 Ga. 930 (3) (47 S. E. 201).

Special ground 5 assigns error on a portion of the charge submitting to the jury for determination whether or not there was a partnership relation existing between the parties in this case. It is contended that this charge was erroneous because the sole question under the pleadings was whether the defendants owed the plaintiff on an account stated, or whether the plaintiff owed some amount to the defendants. This ground fails to point out how the charge excepted to is harmful to the plaintiff and is

therefore too incomplete to be considered by this court. *Nunnally v. Shockley*, 97 Ga. App. 300 (2) (103 S. E. 2d 74).

■ Special ground 6 states that the court "charged Code Section 75-102 of the Code of 1933 quoting the same to the jury" and that movant contends "that said Code section has no bearing upon the issue in said case . . . and the same was confusing to the jury and prejudicial to movant's case." This ground contains no actual assignment of error on any portion of the charge. In addition, it does not show how or in what manner the quoting of the Code section referred to is harmful. It is therefore incomplete and cannot be passed upon.

■ Special ground 7 assigns error on the admission of testimony by the defendant showing that he had been in the military service over the objection that such evidence was irrelevant and immaterial. The court ruled that "just being in the service would be irrelevant" but stated to the defendant's counsel that "I will let you show about the money" after which, without objection, the defendant was questioned concerning receipt of his monthly pay from the Air Force. It appears that the court actually sustained the plaintiff's objection to the alleged irrelevant testimony and in the absence of any request to the court to instruct the jury that the evidence was stricken, there is no legal ground for complaint. *Hopkins v. State*, 190 Ga. 180, 185 (8 S. E. 2d 633).

■ The court did not err in overruling the amended motion for a new trial.

*Judgment affirmed. Nichols and Bell, JJ., concur.*