# *Ex Parte* LOOPER.

No. A-2770.   Opinion Filed July 1, 1916.

(158 Pac. 290.)

1. **BAIL—Habeas Corpus—Burden of Proof.** Upon an application for writ of habeas corpus to be let to bail after commitment for a capital offense by an examining magistrate,. the burden is upon the petitioner to show facts sufficient to entitle him to bail, when those facts do not appear from the evidence adduced on the part of the prosecution.

2. **BAIL—Habeas Corpus—Sufficiency of Evidence.** Upon this application, the evidence considered and bail denied.

Application of James Looper for writ of *habeas corpus,* to be let to bail.   Bail denied.

*John R. Polland* and *T. T. Varner,* for petitioner.

*R. McMillan,* Asst. Atty. Gen., and *R. P. White,* Co. Atty. of Le Flore County, for respondent.

DOYLE, P. J.   In this proceeding the petitioner, James Looper, by his attorneys has presented to this court a verified petition wherein he alleges that he is unlawfully imprisoned and restrained of his liberty in the county jail of Le Flore county, at Poteau, by the sheriff of said county.   That the cause of his said restraint is that he has been committed to the said county jail by P. H. Green, justice of the peace, acting as an examining magistrate upon a preliminary examination held by him at Poteau on the 9th day of June, 1916, upon an information charging petitioner with the murder of one James W. Hale, in said county and state on the 30th day of May, 1916.

Petitioner avers that he is not guilty of the crime of murder as charged in said information and that upon the evidence introduced at said preliminary examination together with the affidavits of certain other persons which are presented herewith it is shown that the proof of his guilt of the charge of murder is not evident

nor the presumption thereof great, and that therefore petitioner is entitled to be let to bail pending the trial of said charge.

It is also shown that the petitioner applied to the judge of the District Court of Le Flore county for a writ of *habeas corpus* to be admitted to bail, and on the 17th day of June, a hearing was had thereon and bail was denied.

The evidence for the state taken upon the preliminary examination shows that about seven P. M., on the 30th day of May, the petitioner did kill and murder one James W. Hale, by shooting him twice with an automatic shot-gun; that the shooting occurred in the kitchen of the house owned by the deceased and occupied jointly by the petitioner's family and the deceased.

The petitioner in his affidavit admits the shooting but claims that it was done in his necessary self-defense.

It is also shown that there was a previous difficulty arising out of the rental contract under which the defendant occupied the house of the deceased.

We have examined the record and without entering into a discussion of the facts we deem it sufficient to say that upon a careful consideration of all the evidence presented in support of the application, we are of opinion that the petitioner is not entitled to be admitted to bail as a matter of legal right. It is therefore considered and adjudged that the writ be denied and bail refused.

ARMSTRONG and BRETT, JJ., concur.