## *Ex parte* E. T. BUTLER.

No. A-3446.   Opinion Filed October 7, 1918.

(175 Pac. 132.)

1. **HABEAS CORPUS—Appeal—Burden of Proof.** Upon an application for writ of **habeas corpus** to be let to bail after commitment for a capital offense by an examining magistrate, the burden is upon the petitioner to show facts sufficient to entitle him to bail, when those facts do not appear from the evidence adduced on the part of the prosecution.

2. **BAIL—Application—Evidence—Reasonable Doubt.** If upon a consideration of all the evidence introduced on the application for bail the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused.

3. **APPLICATION FOR BAIL.** Upon this application, the evidence considered, and bail denied.

E. T. Butler brings writ of *habeas corpus* to be admitted to bail. Writ denied, and bail refused.

*Pruiett, Sniggs & Burns*, for petitioner.

*R. McMillan,* Assistant Attorney General, and *W. W. Cotton*, County Attorney of Muskogee County, for respondent.

DOYLE, P. J.   In this proceeding the petitioner, E. T. Butler, by his attorneys, has presented to this court a verified petition, wherein he alleges that he is unlawfully imprisoned and restrained of his liberty in the county jail of Muskogee county, by John S. Borger, sheriff of said county; that the cause of his said restraint is that he has been committed to said county jail by an examining magistrate upon a preliminary examination held by him at Muskogee on the 8th day of July, 1918, upon an information charging petitioner with the murder of one J. M.

Davis in said county and state on the 3d day of July, 1918. Petitioner avers that he is not gulty of the crime of murder as charged in said information, and that upon the evidence introduced at said preliminary examination, together with the affidavits of petitioner and certain other persons which are presented herewith, it is shown that the proof of his guilt of the crime of murder is not evident nor the presumption thereof great, and that therefore petitioner is entitled to be let to bail. It is also shown that the petitioner applied to the district court of Muskogee county to be admitted to bail, and that bail was denied. A transcript of the testimony taken upon the preliminary examination is made a part of his petition.

The testimony for the state upon the preliminary examination shows that about 11 a. m. on the 3d day of July, 1918, the petitioner did kill and murder J. M. Davis, by shooting him twice with a shotgun; that the shooting occurred in the office of J. M. Davis, on the second floor of the Carter building in the city of Muskogee; that the petitioner and the deceased, both colored, were practicing physicians with offices in said building. No evidence was offered on the part of petitioner upon his preliminary examination, and petitioner in his affidavit admits the shooting, but claims it was done in his necessary self-defense.

The settled rule of this court is that upon an application for bail by writ of *habeas corpus,* after commitment for a capital offense, by an examining magistrate, the burden is upon petitioner to show facts sufficient to entitle him to bail, when these facts do not appear from the evidence adduced on the part of the prosecution, and if, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's

guilt of a capital offense, bail will be refused. *In re Ker-riel,* 12 Okla. Cr. 386, 157 Pac. 369, and cases cited.

We have examined the record, and, without entering into a discussion of the facts, we deem it sufficient to say that, upon a careful consideration of all the evidence presented in support of the application, we are of opinion that petitioner is not entitled to be admitted to bail as a matter of legal right.

It is therefore considered and adjudged that the writ be denied, and bail refused.

ARMSTRONG and MATSON, JJ., concur.