## In re M. H. BEAN.

No. A-3809.   Opinion Filed July 17, 1920.

(190 Pac. 1091.)

(Syllabus.)

1.  **HABEAS CORPUS—Right to Bail After Commitment for Capital Offense—Burden of Proof.** Upon an application for writ of habeas corpus to be let to bail, after commitment for a capital offense by an examining magistrate, the burden is upon the petitioner to show facts sufficient to entitle him to bail, when those facts do not appear from the evidence adduced on the part of the prosecution.

2.  **BAIL—Right to in Capital Case—Evidence.** If, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused.

3.  **SAME.** Upon this application, the evidence considered, and bail denied.

Petition by M. H. Bean for writ of *habeas corpus* to be let to bail. Writ denied.

*O. L. Rider,* for petitioner.

The Attorney General, *W. C. Hall,* Asst. Atty. Gen., and *C. F. Gowdy,* Co. Atty., of Nowata, for respondent.

DOYLE, P. J.   In this proceeding the petitioner filed in this court on July 7, 1920, his duly verified petition, alleging that he is unlawfully imprisoned in the county jail of Nowata county and deprived of his liberty by the respondent, sheriff of Nowata county; that he has been committed to said jail by an examining magistrate upon a preliminary examination held on the 25th day of October, 1919, on a complaint charging petitioner jointly with one

Elmer Deere and one Oscar Sherman with the murder of Fred Avery; that he is not guilty of the crime of murder as charged, and that the proof of his guilt of said charge is not evident, nor is the presumption thereof great; that a trial has been had of his codefendant Oscar Sherman on said charge and the jury returned a verdict against the said Oscar Sherman of guilty of manslaughter in the first degree; that by said trial of the said Oscar Sherman it has been established that the evidence relied upon to sustain the said charge of murder against petitioner is not sufficient to make proof of said charge evident nor the presumption thereof great; that at the time of the commission of the crime charged against petitioner he was under the age of 21 years; that heretofore he made application to the judge of the district court of Nowata county for bail on said charge, and said application was by said court denied.

The undisputed facts as shown by the transcript of the testimony upon the trial of petitioner's codefendant Sherman are that Fred Avery, deceased, was shot in the perpetration of a robbery by petitioner and his codefendant Sherman. Petitioner and Oscar Sherman each testified that they were present. Petitioner testified that Sherman fired the fatal shot. Sherman testified that petitioner fired the fatal shot. Obviously, the court erred in submitting the issue of manslaughter in the first degree to the jury in the trial of Sherman. A homicide perpetrated without any design to effect death by a person engaged in the commission of a robbery is, under the statute, murder, although the robber did not intend to kill when he fired the fatal shot. See *Allen v. State,* 16 Okla. Cr. 136, 180 Pac. 564.

The settled rule of this court is that upon an application for bail by a writ of *habeas corpus,* after commitment for a capital offense by an examining magistrate, the burden is upon petitioner to show facts sufficient to entitle him to bail, when these facts do not appear from th'e evidence adduced on the part of the prosecution; and if, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused. *In re Kerriel,* 12 Okla. Cr. 386, 157 Pac. 369, and cases cited. It also appears that petitioner escaped from the county jail pending his trial, and was for some time a fugitive from justice.

Upon the record before us, and without entering into a discussion of the facts, we deem it sufficient to say that in our opinion petitioner is not entitled to be admitted to bail as a matter of legal right. It is therefore considered and adjudged that the writ be denied and bail refused.

ARMSTRONG and MATSON, JJ., concur.