## *Ex parte* ROY GARVIN.

No. A-3849—Opinion Filed Sept. 30, 1920.

(192 Pac. 363.)

(Syllabus.)

1. **HABEAS CORPUS—Application for Bail—Burden of Proof.** Upon an application for bail by writ of **habeas corpus** after commitment for a capital offense, the burden is upon the petitioner to show facts sufficient to entitle him to bail, when those facts do not appear from the evidence adduced on the part of prosecution.

2.    **BAIL—Refusal—Insufficiency of Evidence.** Upon an application for bail after commitment upon a charge of murder, on the ground that the proof of guilt is not evident, nor the presumption thereof great, and, upon a consideration of all the evidence offered, the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt, bail will be refused.

3.    **HABEAS CORPUS—Refusal of Bail—Insufficiency of Evidence.** Evidence considered, and held to justify the refusal of bail to a defendant in custody upon a charge of murder.

Petition of Roy Garvin for writ of *habeas corpus* to obtain his release on bail. Writ denied.

*Bond & Morris,* for petitioner.

The Attorney General, *W. C. Hall,* Asst. Atty. Gen., and *P. D. Sullivan,* Asst. Co. Atty., for respondent.

DOYLE, P. J.  In this case petitioner, Roy Garvin, by his attorneys, has presented to this court a petition alleging that he is unlawfully imprisoned in the county jail of Stephens county by Mrs. Florence Cates, sheriff of said county; that, having been charged with the murder of Hobbs Conkling, alleged to have been committed in said county on or about the 10th day of August, 1920, he is so held under a commitment issued by G. T. Burrows, county judge of said county, acting as an examining and committing magistrate, on a preliminary examination held August 21, 1920, and that on *habeas corpus* proceedings the district judge of said county denied bail and remanded petitioner to the custody of said sheriff.

Petitioner alleges that he is not guilty of the crime of murder as charged, and that the proof of his guilt of the charge of murder is not evident, nor the presumption thereof great. Attached to said petition is a transcript of the testimony offered by the state on the part

of the prosecution. Petitioner did not testify in the examining trial, and there was no testimony offered in his behalf. He has filed his affidavit, wherein he states that he fired the fatal shot in his necessary self-defense. On September 11th a hearing was had, and at that time it was ordered and adjudged that the writ be denied, and bail refused.

Section 8 of article 2 of our Constitution is:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

Upon the hearing it was the contention on the part of the petitioner that he was entitled to bail upon the testimony taken upon his preliminary examination and upon his affidavit, for the reason that the proof is not evident, or the presumption great, that he is guilty of murder as charged in the complaint. This contention is without merit. The determination and conclusion of the court in this case is based upon a settled rule of this court that, upon application for bail by writ of *habeas corpus,* after commitment for capital offense by an examining magistrate, the burden is upon petitioner to show facts sufficient to entitle him to bail, when those facts do not appear from the evidence adduced on the part of the prosecution. *Ex parte Johnson,* 1 Okla. Cr. 414, 98 Pac. 461; *Ex parte Smith,* 2 Okla. Cr. 24, 99 Pac. 893; *In re Fraley,* 3 Okla. Cr. 719, 109 Pac. 295, 139 Am. St. Rep. 988; *Ex parte Dykes,* 6 Okla. Cr. 162, 117 Pac. 724.

We are not permitted to presume for the petitioner either justification or mitigation, merely because the evidence for the prosecution fails to show their absence.

On the contrary, unless the evidence for the prosecution shows the presence of facts or circumstances tending to justify, excuse, or mitigate the offense, then the burden is upon the petitioner to make that showing by evidence at least sufficient to generate a reasonable doubt in that respect.

It would serve no useful purpose to review the testimony, and, in view of a trial before a jury, to do so would possibly be prejudicial to the petitioner. We deem it sufficient to say that we find therein no element of legal justification or excuse, and we concur with the district court in its finding that the petitioner is not entitled to bail. We do not know what may be shown upon the final trial.

Writ refused, and bail denied.

ARMSTRONG and MATSON, JJ., concur.