## Ex parte CY DENNISON.

No. A-3989.    Opinion Filed June 14, 1921.
(198 Pac. 514.)

Application by Cy Dennison for writ of habeas corpus to be admitted to bail. Writ denied, and bail refused.

Joe S. Eaton and E. M. Carter, for petitioner.

S. P. Freeling, Atty. Gen., W. C. Hall, Asst. Atty. Gen., and James Heflin, Co. Atty., for the State.

PER CURIAM. In this proceeding petitioner, Cy Dennison, has presented to this court a verified petition, wherein he alleges that he is unlawfully imprisoned and restrained of his liberty in the county jail of Okmulgee county, Okla., by Lon Kuhn, sheriff of said county; that the cause of his restraint is that he has been committed to said county jail by an examining magistrate upon a preliminary examination held by him at Okmulgee, Okla., on the 26th day of May, 1921, upon information or complaint charging petitioner with the murder of one Robert Burden on the 16th day of May, 1921; that thereafter, on the 27th day of May, 1921, the county attorney of Okmulgee county, Okla., filed in the superior court of Okmulgee county an information purporting to charge this petitioner, together with Roy Massingale and Calvin Shipman, with the crime of murder hereinbefore referred to.

Petitioner avers that he is not guilty of the crime of murder as charged in the information, and that upon the evidence introduced at the preliminary examination, together with affidavits filed in support of the petition, it is shown that the proof of his guilt of the crime of murder is not evident nor the presumption great, and that therefore petitioner is entitled to be let to bail.

It is also shown that petitioner applied to the district court of Okmulgee county to be admitted to bail, and that upon a hearing of his said application on May 31, 1921, bail was denied by said court.

The application is submitted on a transcript of the evidence taken before the justice of the peace at the preliminary hearing, together with further evidence taken before the district judge of Okmulgee county, and also upon affidavits filed in this court.

The testimony for the state upon the preliminary examination, and on the application for bail before the district court, shows that on the night of the 16th of May, 1921, Robert Burden, a peace officer, was shot and killed at a time he was attempting to arrest two men who had held up and robbed, in the city of Okmulgee, one J. R. Harrison and Harrison's wife of about $5,000 worth of diamonds, and at the time of the attempted arrest the robbers were apprehended fleeing from the immediate scene of the robbery with the spoils upon their persons and before any division of the same had been made between them. The evidence discloses that the officers informed the robbers that they were officers, and of their purpose to arrest them, upon which the robbers immediately proceeded to shoot and kill the said Burden and also wounded his companion officer by the name of Spess. There is evidence on the part of the state which tends to establish a conspiracy between the petitioner and his codefendants, Shipman and Massingale, to effect this particular robbery, with instructions by petitioner to the other two to shoot to kill if apprehended.

In rebuttal of this evidence, the petitioner offers in this court an affidavit by his wife and also one by a lady friend of hers to the effect that, on the evening it is alleged by some of the state's witnesses that defendant had planned the

said robbery, defendant was seen at his place of business during different intervals from shortly after supper until about midnight. Also, there are one or two affidavits to the effect that the general reputation of one of the state's witnesses for truth and veracity is not good. The petitioner did not take the witness stand either in his preliminary examination or before the district court or in this court.

The settled rule of this court is that upon an application for bail by writ of habeas corpus, after commitment for a capital offense by an examining magistrate, the burden is upon petitioner to show facts sufficient to entitle him to bail when these facts do not appear from the evidence adduced on the part of the prosecution, and if, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion that it is insufficient to create a reasonable doubt of petitioner's guilt of a capital offense, bail will be refused. In re Kerriel, 12 Okla. Cr. 386, 157 Pac. 369; Ex parte Butler, 15 Okla. Cr. 111, 175 Pac. 132.

The court has carefully examined the record before us, and without entering into a discussion of the incriminating facts and circumstances, we are of the opinion, after a careful consideration of all the evidence presented in support of the application, that the petitioner is not entitled to be admitted to bail as a matter of legal right.

It is therefore considered and adjudged that the writ be denied and bail refused.