## Ex parte DEWEY DENHAM.

No. A-3998.  Opinion filed June 14, 1921.
(198 Pac. 515.)

Application by Dewey Denham for habeas corpus to be admitted to bail. Writ denied and bail refused.

Welch & Welch, for petitioner.

S. P. Freeling, Atty. Gen., W. C. Hall, Asst. Atty. Gen., and R. L. Evans, for respondent.

PER CURIAM.   In this proceeding petitioner, Dewey Denham, by his counsel, has presented to this court a verified petition wherein he alleges that he is unlawfully imprisoned and restrained of his liberty in the county jail of Pushmataha county by N. F. Kirkpatrick, sheriff of said county; that the cause of his restraint is that he has been committed to said county jail by one George R. Childers, justice of the peace of Antlers township, said county, upon a preliminary examination held by him on the 24th day of May, 1921, upon a charge of having murdered in said county on the 15th day of May, 1921, one I. J. Bilbrey; and petitioner avers that said restraint is illegal and unauthorized and that petitioner is entitled to bail and to be discharged from said restraint upon bail bond for the reason that the proof of petitioner's guilt of said murder is not evident nor the presumption thereof great.

Petitioner further alleges that he has heretofore made application for bail to the district judge of Pushmataha county, and that bail was denied by said judge.

As evidence that the proof of petitioner's guilt of said murder is not evident nor the presumption thereof great, petitioner presents in support of his application all the evidence taken at the preliminary examination and before the district judge, and also some affidavits.

The testimony discloses that in the evening of Sunday, the 15th day of May, 1921, about dark, petitioner killed and murdered one I. J. Bilbrey by shooting him in the back part of the head with a shotgun; that the shooting occurred on a public highway near the town of Cloudy, in Pushmataha county, and close to the home of one Henry McDaniel; that deceased was a man about 60 years of age, and defendant about

19 years of age. The evidence on the part of the state and also the evidence of one Jess Musgraves, who was with the defendant at the time, supports the allegations of the preliminary complaint or information.

In the hearing before the district judge, defendant took the witness stand, and testified that the killing was in defense of his person.

The settled rule of this court is that upon an application for bail by writ of habeas corpus, after commitment for a capital offense by an examining magistrate, the burden is upon petitioner to show facts sufficient to entitle him to bail when these facts do not appear from the evidence adduced on the part of the prosecution, and if, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion that it is insufficient to create a reasonable doubt of petitioner's guilt of a capital offense, bail will be refused. In re Kerriel, 12 Okla. Cr. 386, 157 Pac. 369; Ex parte Butler, 15 Okla. Cr. 111, 175 Pac. 132; Ex parte Dennison (No. A-3989) 19 Okla. Cr. 179, 198 Pac. 514.

We have examined the entire record before us, and without entering into a discussion of the facts, and without comment upon the sufficiency of the evidence to establish the allegations of the information, for the reason that such discussion and comment might result to the prejudice of defendant upon the trial, we deem it sufficient to say that the court is of opinion that petitioner is not entitled to be admitted to bail as a matter of legal right.

It is therefore considered and adjudged that the writ be denied and bail refused.