## Ex parte O. L. LACY.

No. A-4183.    Opinion Filed Jan. 28, 1922.
(203 Pac. 1050.)

(Syllabus.)

1.    **Bail—When Bail Allowable in Capital Cases.** Under Const., art. 2, § 8, declaring "All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great," one charged with a capital offense may be admitted to bail after the information has been filed, prior to trial, if the proof of guilt is not evident, nor the presumption thereof great; and one charged with murder is entitled as of right to a hearing on an application for admission to bail after the information has been filed, prior to trial.

2.    **Habeas Corpus—Burden on Applicant for Bail in Murder Cases.** On the hearing of an application for bail by one informed against for murder, to determine whether or not the proof of guilt is evident, or the presumption thereof great, the burden of proof is on the petitioner.

3.    **Same—Evidence Insufficient to Show Right to Bail.** The evidence considered, and held insufficient to show that petitioner is entitled to be admitted to bail as a matter of right.

Application by O. L. Lacy for habeas corpus to be admitted to bail.    Writ denied, and bail refused.

Pryor & Stokes, for petitioner.

The Attorney General, R. C. Woods, Asst. Atty. Gen., Allen Adams, Asst. Co. Atty. (C. Guy Cutlip, of counsel), for respondent.

DOYLE, P. J.    O. L. Lacy filed in this court on January 24, 1922, a petition wherein he alleges that he is illegally and unlawfully restrained of his liberty and imprisoned in the county jail of Seminole county by C. H. Brown, sheriff of said county, and that his illegal confinement and detention consists in this, to wit: That, by information filed in the district court of said county, he is charged with the murder of one Richard Romine; that, under the evidence introduced on his

preliminary examination, the proof of his guilt is not evident nor the presumption thereof great; that petitioner is not guilty of the crime of murder; that he filed an application for bail before Hon. John L. Coffman, district judge, and that said district judge refuses to deny or grant bail.

A transcript of the testimony taken upon the preliminary examination is annexed to and made a part of his petition.

J. T. Rose, a witness for the state, testified in substance as follows:

"On January 2d, this year, I lived four miles south and one and a half east of Seminole. Richard Romie came to my house that day, had dinner, and stayed until 1 o'clock; he said he was going over to Lacy's; he had on overalls and a jumper, and was unarmed; soon after he left my house I heard three shots fired in quick succession, a pause, and then three more shots."

Lee Maxey testified:

" I live at Seminole; am a deputy sheriff; was called to O. L. Lacy's house on January 2d; I found the body of Richard Romine about 200 yards from Lacy's house; I noticed bullet wounds in his back, in his side, and in his arm; O. L. Lacy said he fired the shots; I didn't find any weapon on him; I found a pocket knife in his pocket."

Dr. M. M. Turlington testified:

"I am a practicing physician at Seminole; on the 2d day of January O. L. Lacy called me over the phone and said he had shot a man and asked me to come and see what I could do for him; I went to the home of O. L. Lacy and found Richard Romine's body lying about 300 yards from the house; in my judgment he had been dead an hour or two. A bullet entered near the backbone; five bullets went into the body, and two in the arm; one had struck the arm in a flexed condition, had gone through the bone, and struck, but did not penetrate, the body;

there was a pool of blood between the body and the defendant's home, about 10 feet from the body."

The defendant did not take the witness stand, nor offer any testimony on the preliminary examination, or on the hearing before the district judge.

The constitutional right to bail is granted by section 8 of our Bill of Rights, which reads as follows:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great." Const. art. 2 § 8.

The right to furnish bail by sufficient sureties arises in favor of any person accused of crime, and before conviction, absolutely, and without exception, in cases of all crimes not punishable with death, and in capital cases when the proof of guilt is not evident or the presumption thereof not great. It will be observed that this constitutional provision is silent as to the status of the prosecution. Had the framers of the Constitution intended to provide that the return of an indictment or the filing of an information in the trial court should be conclusive in capital cases, they would, in all probability, have said so.

It follows that a person charged with a capital offense may be admitted to bail after the information has been filed and prior to the trial if the proof of guilt is not evident nor the presumption thereof great. The courts should, however, proceed with extreme caution in exercising the power to admit to bail in this class of offenses. The filing of an information charging a capital offense, where the defendant has not been admitted to bail, is prima facie evidence that the proof of guilt is evident and the presumption thereof great, and the burden of proof is upon the defendant to establish the contrary.

The settled rule of this court is that, upon an application for bail by writ of habeas corpus, after commitment for a capital offense, the burden is upon the petitioner to show facts sufficient to entitle him to bail, and if, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused. Under this rule, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, bail will be refused where, as in this case, the commission of the homicide having been admitted, the defendant does not take the witness stand on the preliminary examination and does not elect to testify in support of his application for bail.

Upon a consideration of all the evidence presented in support of the application in this case, we are of opinion that the petitioner is not entitled as a matter of right to be admitted to bail.

It is therefore considered and adjudged that the writ be denied and bail refused.

MATSON and BESSEY, JJ., concur.