## Ex parte HARRY SIPE.

No. A-4479. Opinion Filed Dec. 26, 1922.
(210 Pac. 1039.)

(Syllabus.)

1. **Habeas Corpus—Right to Bail in Capital Case—Burden of Proof.** Upon an application for writ of habeas corpus to be let to bail, after commitment for a capital offense by an examining magistrate, the burden is upon the petitioner to show facts sufficient to entitle him to bail, when those facts do not appear from the evidence adduced on the part of the prosecution.

2. **Bail—Refusal of Bail in Capital Case for Insufficiency of Evidence.** If, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused.

Habeas corpus by Harry Sipe, charged with murder, for admission to bail. Writ denied, and bail refused.

Brown, Williams & Brown, James Mathers, and J. B. Champion, for petitioner.

George F. Short, Atty. Gen., N. W. Gore, Asst. Atty. Gen., and John L. Hodge, Co. Atty., of Ardmore, for respondent.

DOYLE, P. J. In this proceeding the petitioner Harry Sipe, by his attorneys, has presented to this court a verified petition, wherein he alleges that he is unlawfully imprisoned and restrained of his liberty in the county jail of Carter county by the sheriff of said county, that the cause of his said restraint is that he was committed to said county jail by D. W. Butcher, a justice of the peace in and for the city of Ardmore, as an examining magistrate upon a preliminary examination held upon the 23d day of October, 1922, upon a complaint charging petitioner with the murder of one Herman Cheek in said county on October 22, 1922, and that thereafter, on the 25th day of October, 1922, upon a hearing had before Hon. B. C. Logsdon, district judge, said judge refused to al-

low petitioner bail, and that petitioner is now held by virtue of the commitment issued by the justice of the peace aforesaid, and further alleges that he is not guilty of the crime of murder as charged in said information, and that upon the evidence introduced at said preliminary examination together with the affidavits of certain other persons which are presented herewith, it is shown that the proof of his guilt of the crime of murder is not evident nor the presumption thereof great. A transcript of the testimony taken upon the preliminary examination is annexed to and made a part of the petition.

The testimony for the state shows that Herman Cheek, deceased, was manager of what is known as the "Palace Barber Shop," on the south side of East Main street in Ardmore; that Shelton Bros. conducted a tailor shop in a room in the rear of the barber shop; that between 8 and 9 o'clock of the evening of the homicide Clyde Shelton and Leo Knoff and Herman Cheek, deceased, were playing cards in the tailor shop, when petitioner, a policeman, with another officer, came to the back door and forced it open, and petitioner shot and killed Herman Cheek; that deceased was unarmed.,

As a witness in his own behalf Harry Sipe testified that Chief of Police Hignight told him to go down and meet Mr. Foster, and, meeting Foster, they went around to the back door of the Palace Barber Shop; it was a screen door and a door with pasteboard panel where glass had been; that he split the screen with his knife; those inside jumped up, and the light went out; somebody ran into him and grabbed him and his gun went off; "I said, 'Officers; hands up;' then I shot."

The settled rule of this court is that upon an application for bail by a writ of habeas corpus, after commitment for a capital offense by an examining magistrate, the burden is

upon petitioner to show facts sufficient to entitle him to bail, when these facts do not appear from the evidence adduced on the part of the prosecution; and if, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused. In re Bean, 17 Okla. Cr. 576, 190 Pac. 1091; Ex parte Butler, 15 Okla. Cr. 111, 175 Pac. 132; In re Kerriel, 12 Okla. Cr. 386, 157 Pac. 369.

Upon the record before us, and without entering into a discussion of the facts, we deem it sufficient to say that in our opinion petitioner is not entitled to be admitted to bail as a matter of legal right. It is therefore considered and adjudged that the writ be denied, and bail refused.

MATSON and BESSEY, JJ., concur.