## Ex parte CLAUD ANDREWS.

No. A-6938.   Opinion Filed March 24, 1928.
(265 Pac. 144.)

E. W. Schenk and Sigler & Jackson, for petitioner.

Edwin Dabney, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondent.

DOYLE, P. J. Claud Andrews filed in this court on March 16, 1928, a petition wherein he alleges that he is illegally restrained of his liberty and imprisoned in the county jail of Love county by Sam Randolph, sheriff of said county; that he so held under a commitment issued by T. R. Thompson, justice of the peace of Love county, at Marietta, based upon a preliminary examination held by him, and upon a complaint wherein petitioner and others are jointly charged with the murder of S. C. Long, sheriff of Love county, in said county on the 25th day of January, 1928, and that he is held under another commitment issued by said justice of the peace upon a preliminary examination held by him upon a complaint wherein petitioner and others are charged with robbing with firearms the Love County National Bank of Marietta on the 25th day of January, 1928.

Petitioner avers that he is not guilty of the crime of murder as charged, and that the proof of his guilt of the crime of murder is not evident, nor the presumption thereof great, and further avers that he is not guilty of the crime of robbery with firearms, as charged, and that the proof of his guilt of said crime is not evident, nor the presumption thereof great. Attached to said petition is a transcript of the testimony taken upon the preliminary examination.

It is also averred that he filed an application for bail before Asa E. Walden, district judge of Love county district court, and that said district judge denied bail. It is also averred that the only testimony against him is the purported confession or statement made by him to the officials investigating the above causes. It also appears that informations have been filed in said causes in the district court of Love county.

Under section 8, art. 2, of the Constitution, one accused of a capital offense may be admitted to bail after the

information has been filed, prior to trial, if the proof of guilt is not evident, nor the presumption thereof great. Lacy, Ex parte, 20 Okla. Cr. 440, 203 P. 1050.

The court should, however, proceed with extreme caution in exercising the power to admit to bail in this class of offenses. The filing of an information charging a capital offense, where the defendant has not been admitted to bail, is prima facie evidence that the proof of guilt is evident and the presumption thereof great.

The settled rule of this court is that, upon an application for bail by writ of habeas corpus, the burden is upon the petitioner to show facts sufficient to entitle him to bail, and if, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused. In re Bean, 17 Okla. Cr. 576, 190 P. 1091; Ex parte Sipe, 22 Okla. Cr. 303, 210 P. 1039.

It would serve no useful purpose to review the testimony, and, in view of a trial before a jury, to do so would possibly be prejudicial to petitioner. We deem it sufficient to say that upon the record before us the petitioner is not entitled to be admitted to bail as a matter of legal right. We do not know what may be shown upon the final trial.

The writ is denied, and bail refused.

EDWARDS and DAVENPORT, JJ., concur.