## Ex parte JACK HYDE.

No. A-8852. Jan. 26, 1935.
(40 Pac. [2d] 1114.)

Babb & Babb and David Tant, for petitioner.

Mac Q. Williamson, Atty. Gen., and A. G. Windham, Co. Atty., for the State.

DOYLE, J. In this proceeding petitioner filed in this court on January 11, 1935, a duly verified petition for a writ of habeas corpus to be admitted to bail.

It is averred in said petition that the cause of said restraint is as follows:

"That in the month of August, 1934 two preliminary complaints were filed in the justice court of Nels Jenson, justice of the peace of the city of Poteau, justice district, one of said complaints charging petitioner with the crime of rape in the first degree, and the other complaint charging petitioner with the crime of robbery with firearms; that both of said complaints arose from the same transaction; that thereafter on the 31st day of August, 1934, petitioner had a preliminary hearing on both of said complaints; the evidence introduced at said preliminary hearing by agreement being considered as evidence in both cases; that thereafter and on the same day, said justice of the peace ordered that petitioner be held to answer said charges in the district court of LeFlore county, without bail."

"That thereafter informations in both cases were filed against petitioner in said district court and he was duly arraigned thereon and entered pleas of 'not guilty.' "

That thereafter petitioner filed in said district court, D. C. McCurtain, judge, an application to be released on bail; after hearing and considering the same, the court made and entered an order denying petitioner bail. Attached to and made a part of this petition is a transcript of the proceedings before the committing magistrate and a transcript of the testimony taken before D. C. McCurtain, district judge, upon petitioner's application to be admitted to bail, including a transcript of the testimony of the defendant.

Upon this application, further testimony was heard before this court on January 17th, and, after argument of counsel, the cause was submitted.

The constitutional right to bail is granted by section 8 of our Bill of Rights, which reads as follows:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great." Const. art. 2, § 8.

"The right to furnish bail by sufficient sureties arises in favor of any person accused of crime, and before conviction, absolutely, and without exception, in cases of all crimes not punishable with death, and in capital cases when the proof of guilt is not evident or the presumption thereof not great. It will be observed that this constitutional provision is silent as to the status of the prosecution. Had the framers of the Constitution intended to provide that the return of an indictment or the filing of an information in the trial court should be conclusive in capital cases, they would, in all probability, have said so.

"It follows that a person charged with a capital offense may be admitted to bail after the information has been filed and prior to the trial if the proof of guilt is not evident nor the presumption thereof great." Ex parte Lacy, 20 Okla. Cr. 440, 203 Pac. 1050, 1051.

We have carefully read and considered all the evidence presented and we have reached the conclusion that on the undisputed facts and circumstances in evidence, the petitioner is entitled to be admitted to bail.

It is therefore ordered that petitioner be admitted to bail upon the charge of robbery with firearms now pending against him, and that his bail be and the same is hereby fixed in the sum of $2,500; that on the charge of rape in the first degree now pending against him, that his bail be and the same is hereby fixed in the sum of $2,500.

Bonds to be conditioned as required by law, and to be filed with and approved by the clerk of the court of LeFlore county.

DAVENPORT, P. J., and EDWARDS, J., concur.