## Ex parte FRANK C. COOPER.

No. A-8912.  May 24, 1935.

(45 Pac. [2d] 548.)

Robert J. Bell and Wallace Wilkinson, for petitioner.

Smith C. Matson, Asst. Atty. Gen., and W. J. Counts, Co. Atty. (McSherry & Monk, of counsel), for respondent.

DOYLE, J.  The petitioner, Frank C. Cooper, filed in this court May 18, 1935, a petition wherein he alleges that

he is unlawfully restrained of his liberty, and imprisoned in the county jail of Pittsburg county, by H. H. Sherrill, sheriff of said county, and that his unlawful confinement and detention consists in this, to wit: That, by information filed in the district court of said county, he is charged with the murder of Edna Anne Cooper, alleged to have been committed in said county on or about the 28th day of April, 1935; that on his preliminary examination on May 9th he was held without bail to the district court of Pittsburg county; that later an application for bail was made to the district judge of said county, which application was denied.

And he further alleges that he is not guilty of the crime of murder as charged in the information; that upon the evidence introduced at said preliminary examination, together with the testimony of the petitioner as a witness in his own behalf, and the testimony of other witnesses, which are presented herewith, it is shown that the proof of his guilt of the crime of murder is not evident nor the presumption thereof great.

The constitutional right to bail is granted by section 8 of our Bill of Rights, which reads as follows:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great." Const. art. 2.

"The right to furnish bail by sufficient sureties arises in favor of any person accused of crime, and before conviction, absolutely, and without exception, in cases of all crimes not punishable with death, and in capital cases when the proof of guilt is not evident or the presumption thereof not great. It will be observed that this constitutional provision is silent as to the status of the prosecution. Had the framers of the Constitution intended to provide that the return of an indictment or the filing of an in-

formation in the trial court should be conclusive in capital cases, they would, in all probability, have said so.

"It follows that a person charged with a capital offense may be admitted to bail after the information has been filed and prior to the trial if the proof of guilt is not evident nor the presumption thereof great. The courts should, however, proceed with extreme caution in exercising the power to admit to bail in this class of offenses. The filing of an information charging a capital offense, where the defendant has not been admitted to bail, is prima facie evidence that the proof of guilt is evident and the presumption thereof great, and the burden of proof is upon the defendant to establish the contrary." Ex parte Lacy, 20 Okla. Cr. 440, 203 Pac. 1050, 1051; Ex parte Andrews, 39 Okla. Cr. 359, 265 Pac. 144.

The evidence on the part of the state tends to show that petitioner was guilty of murder, as charged, in that he did shoot and kill Edna Anne Cooper, on or about the 28th day of April 1935. The evidence shows that petitioner, 54 years old, and a railway mail clerk, worked out of McAlester, with 31 years' continuous service; that about July 15, 1933, he married Edna Powell, at Eufaula, he at that time having a family of grown children by a former marriage.

The testimony of petitioner tends to show that they took a wedding trip to California, in company with his daughter, her husband, and their child; that his wife would become angry over trivial matters, fly into a rage and call him vile names, and at Salt Lake City, assaulted him, and threatened to kill him; and left him and went to live with her daughter; that they became reunited, and moved to the house where they were living at the time of her death. Following one of these altercations, he filed suit for divorce; she filed a cross-petition for divorce; that at one time she assaulted him with an ice pick. On

the evening of her death, he arrived home about 9 o'clock; that she became angry and called him vile names, and he told her if she was going to carry on that way and arouse every one in the neighborhood, he would leave; then she threatened to kill him, and went into the front room and picked up his pistol; that he grabbed her wrists, and in the struggle the gun was discharged, and she fell on the floor, and he left to call a doctor and his son-in-law; that they came back to the house; he went in, and an officer stepped up and said, "What do you mean by shooting that woman?" And he answered, saying: "I never shot that woman; that is my wife."

The testimony tends to show that the homicide was a culmination of previous difficulties, and so it may have been perpetrated by petitioner in his own necessary self-defense.

Since the weight and effect of all the evidence will be submitted to a jury, and should be so submitted without an intimation from this court, or the trial court, as to it probative force, we refrain from expressing our views, so far as it relates to the weight and credibility of the evidence.

Since the issue of self-defense, and the issue of manslaughter in the first degree, also, is presented by the testimony, it follows that petitioner, as a matter of right, is entitled to be admitted to bail pending further proceedings in the trial court, and it is the conclusion of the court that bail should be allowed in the sum of $10,000 for the appearance of petitioner to answer said charge in the district court of Pittsburg county, bond to be conditioned as by law required, and to be approved by the court clerk of said county. And upon the approval, he shall

notify the respondent sheriff, who shall thereupon discharge the petitioner from custody.

DAVENPORT, P. J., and EDWARDS, J., concurring.