## Ex parte LILLIE MAY WOMACK.

No. A-9348.  Aug. 27, 1937.
(71 Pac. 2d 494.)

David Tant, for petitioner.

Bill Vassar, Jr., Co. Atty., and Joe Young, Asst. Co. Atty., for respondent.

DOYLE, J. Petitioner, Lillie Mae Womack, filed in this court June 10, 1937, a petition wherein she alleges that she is unlawfully restrained of her liberty, and imprisoned in the county jail of Lincoln county by W. E. Gillaspy, sheriff of said county, and that her unlawful confinement and detention consist in this, to wit: That by information filed in the district court of said county, she is charged with the crime of robbery with firearms, alleged to have been committed in said county on or about the 9th day of October, 1933; that on her preliminary examination on the 24th day of May, 1937, she was held without bail to the district court of Lincoln county; that on the 29th day of May application for bail was made to the district court of said county, which application was by Leroy G. Cooper, district judge, denied.

"Petitioner further alleges that she is not guilty of the crime of robbery with firearms as charged in the information; that upon the evidence introduced at said preliminary examination together with the testimony of the petitioner as a witness in her own behalf and the testi-

mony of other witnesses which are presented herewith it is shown that the proof of her guilt of the crime of robbery with fire-arms is not evident nor the presumption thereof great."

The constitutional right to bail is granted by section 8 of our Bill of Rights (Const. art. 2), which reads:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

The writ of habeas corpus may be had for the purpose of letting a prisoner to bail in civil and criminal actions. Section 695, St. 1931 (12 Okla. St. Ann. § 1344).

The right to furnish bail by sufficient sureties arises in favor of any person accused of crime, and before conviction, absolutely, and without exception, in cases of all crimes not punishable with death, and in capital cases when the proof of guilt is not evident or the presumption thereof not great. It will be observed that this constitutional provision is silent as to the status of the prosecution. Had the framers of the Constitution intended to provide that the return of an indictment or the filing of an information in the trial court should be conclusive in capital cases, they would in all probability have said so.

It follows that a person charged with a capital offense may be admitted to bail after the information has been filed and prior to the trial if the proof of guilt is not evident nor the presumption thereof great. The courts should, however, proceed with extreme caution in exercising the power to admit to bail in this class of offenses. The filing of an information charging a capital offense, where the defendant has not been admitted to bail, is prima facie evidence that the proof of guilt is evident and the presumption thereof great, and the burden of proof

is upon the defendant to establish the contrary. Ex parte Lacy, 20 Okla. Cr. 440, 203 Pac. 1050, 1051; Ex parte Andrews, 39 Okla. Cr. 359, 265 Pac. 144; Ex parte Cooper, 57 Okla. Cr. 88, 45 Pac. (2d) 548.

It is held almost without exception that such constitutional provisions for bail refer only to cases in which the accused has not yet had a trial. 6 Am. Jur. p. 52, § 11; Ex parte Herndon, 18 Okla. Cr. 68, 192 Pac. 820, 19 A. L. R. 804.

The information in the case in substance charges that James Arthur Camp, Eugene Clark, and Jane Doe did on the 9th day of October, 1933, in said county, with certain firearms then and there had and held in the hands of each of them, rob the Farmers & Merchants Bank of Tryon and other named persons.

The evidence on the part of the state tends to show that the petitioner aided and abetted in the commission of the crime charged.

The testimony of petitioner tends to show that on the day the Tryon bank was robbed she was in Shawnee, Okla., at the home of her parents. Several witnesses testified in corroboration of her testimony.

In view of the fact that petitioner must appear for trial before a jury in the district court, it might be improper for this court to pass in detail upon the weight or conclusiveness of the testimony in the case.

Procedure Criminal, section 2665, St. 1931 (22 Okla. St. Ann. § 9), provides:

"The procedure, practice and pleadings in the courts of record of this state, in criminal actions or in matters of criminal nature, not specifically provided for in this

code, shall be in accordance with the procedure, practice and pleadings of the common law."

In capital cases, it is generally held that constitutional exceptions, such as ours, merely deprive the prisoner of his right to demand bail guaranteed in all cases, and leave with the court the discretionary power vested in it at common law. And, therefore, the court may grant bail where peculiar circumstances appear, or where the court, in the exercise of sound judicial discretion, determines that the proof is not evident or the presumption great. 3 R. C. L. p. 7, § 5; 6 Am. Jur. p. 51, § 9.

Upon a consideration of the undisputed facts, we are of the opinion that petitioner is entitled to be admitted to bail and that her bail should be fixed in the sum of $4,000.

It is therefore ordered that petitioner, Lillie Mae Womack, be and she is hereby admitted to bail upon the charge of robbery with firearms now pending against her in the district court of Lincoln county, and that her bail be and the same is hereby fixed at the sum of $4,000, and that she be released from custody upon the executing and causing to be filed with and approved by the clerk of said district court a good and sufficient bond in said sum, conditioned as required by law.

DAVENPORT, P. J., and BAREFOOT, J., concur.