## Ex parte DELLA HUBBARD.

No. A-9445. Feb. 18, 1938.
(76 P. 2d 915.)

A. C. Brewster, of Pryor, for petitioner.

Mac Q. Williamson, Atty. Gen., Owen Watts, Asst. Atty. Gen., and H. A. Kehn, Co. Atty., of Pryor, for respondent.

DOYLE, J. In this proceeding petitioner, Della Hubbard, filed in this court February 9, 1938, a petition wherein she alleges that she is unlawfully restrained of her liberty and imprisoned in the county jail of Mayes county by Walter Panter, sheriff of said county; and that her unlawful confinement and detention consist in this, to wit: That by information filed in the district court of said county she is charged with the crime of murder. That on a habeas corpus proceeding in the district court of said county, N. B. Johnson, district judge, denied bail and remanded petitioner to the custody of said sheriff.

Petitioner further alleges that she is not guilty of the crime of murder as charged, and that on the evidence introduced before the committing magistrate, justice of the peace, W. F. Graham, of Pryor, there was no legal or competent evidence to sustain such charge, or to sustain the order to hold her for trial before said district court.

Upon the evidence introduced at her preliminary examination, together with the affidavit of certain other persons presented herewith, it is shown that the proof of guilt of the crime of murder is not evident, nor the presumption thereof great, and therefore the petitioner is entitled to be let to bail pending the trial of said charge.

The right to furnish bail by sufficient sureties arises in favor of any person accused of crime, and before conviction, absolutely, and without exception, in cases of all crimes not punishable with death, and in capital cases when the proof of guilt is not evident or the presumption thereof not great.

In Ex parte Womack, 62 Okla. Cr. 290, 71 P. 2d 494, we said:

"The filing of information charging capital offense, where defendant has not been admitted to bail, is prima facie evidence that proof of guilt is evident and presumption thereof great, and burden is on defendant seeking bail to establish the contrary." Ex parte Lacy, 20 Okla. Cr. 440, 203 P. 1050; Ex parte Andrews, 39 Okla. Cr. 359, 265 P. 144; Ex parte Cooper, 57 Okla. Cr. 88, 45 P. 2d 548.

The information in this case in substance charges that Roy Kinion and Della Hubbard did, on the 4th day of December, 1937, in said county, with a long wooden pole, held in the hands of each of them, with a premeditated design to effect the death of said Ralph Hubbard, strike and beat him and thereby placing him in an unconscious condition, and then and there by putting him in a shallow stream of water, thereby causing his death by drowning.

Upon this application further testimony was heard, including the testimony of petitioner before this court on February 15th, and after argument of counsel the cause was submitted.

Since the weight and effect of all the evidence will be submitted to a jury, and should be so submitted without an intimation from this court, or the trial court, as to its probative force, we refrain from expressing our views, so far as it relates to the weight and credibility of the evidence.

Upon a consideration of all the evidence presented, we have reached the conclusion that on the undisputed facts and circumstances in evidence the petitioner is entitled to be admitted to bail, and that her bail should be fixed in the sum of $5,000.

It is therefore ordered that petitioner, Della Hubbard, be, and she is hereby admitted to bail upon the charge of murder now pending against her in the district court of Mayes county, and that her bail be and the same is hereby fixed in the sum of $5,000, and that she be released from custody upon the executing and causing to be filed with and approved by the clerk of said district court a good and sufficient bond in said sum, conditioned as required by law.

DAVENPORT, P. J., and BAREFOOT, J., concur.