## Ex parte TED HUNT.

No. A-10321. Sept. 16, 1942.

(129 P. 2d 208.)

142

Sam J. Goodwin, of Pauls Valley, for petitioner.

M. J. Ewert, Co. Atty., and Richard E. Sims, Asst. Co. Atty., both of Pauls Valley, for respondent.

JONES, J.   Ted Hunt filed a verified petition in this court alleging that he is unlawfully imprisoned and restrained in the county jail of Garvin county at Pauls Valley by Claud B. Swinney, sheriff of said county.

The petition further alleges that petitioner is restrained by reason of a commitment from the county judge of Garvin county committing said petitioner to jail to be held to answer the charge of murder after a preliminary examination had been held before said county judge.

That your petitioner has presented an application for bail to the district judge of Garvin county, and that bail has been denied.   The petition further alleges that the petitioner is not guilty of said charge of murder; that the proof is not evident, nor the presumption thereof great that he is guilty of murder.   Attached to the petition and made a part thereof is a certified transcript of the testimony taken at the preliminary examination and a certified transcript of the testimony taken before the district judge upon the application for bail.   Also attached are certain affidavits to be considered by this court in the disposition of this cause.

A rule to show cause was issued and a response filed by the sheriff of Garvin county alleging that he was holding the said Ted Hunt in jail pursuant to a commit-

ment for the crime of murder as alleged in the petition filed herein.

All parties concerned appeared before this court, and, by agreement, the case was submitted upon the evidence shown by the exhibits attached to the petition.

We have carefully examined the evidence. It would serve no useful purpose to review the testimony, and, in view of the fact that the petitioner will be tried before a jury, to do so might possibly be prejudicial to him.

Section 8 of article 2, Oklahoma Constitution, provides:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

It is established by many decisions of this court that upon application for bail upon writ of habeas corpus, after commitment for a capital offense by an examining magistrate, the burden is upon petitioner to show facts sufficient to entitle him to bail, when those facts do not appear from the evidence adduced on the part of the prosecution. Ex parte Smith, 2 Okla. Cr. 24, 99 P. 893; In re Fraley, 3 Okla. Cr. 719, 109 P. 295, 139 Am. St. Rep. 988; Ex parte Garvin, 18 Okla. Cr. 17, 192 P. 363; Ex parte Looper, 12 Okla. Cr. 437, 158 P. 290.

The petitioner has failed to sustain the burden of showing facts or circumstances tending to justify, excuse, or mitigate the offense, and we concur with the finding of the district court that the petitioner is not entitled to bail.

The writ is refused and bail denied.

BAREFOOT, P. J., concurs. DOYLE, J., absent.