## Ex parte TESSIE BRAY.

No. A-10783. Aug. 21, 1946.

(172 P. 2d 349.)

432

Brown Moore and L J. York, both of Stillwater, for petitioner.

Mac Q. Williamson, Atty. Gen., H. A. Holloman, Asst. Atty. Gen., and K. D. Greiner, Co. Atty., of Stillwater, for respondent.

DOYLE, J. In this proceeding, Tessie Bray, by his attorneys, filed in this court August 13, 1946, a petition for writ of habeas corpus which, omitting title, reads as follows:

"Comes now Tessie Bray and respectfully shows the court that after being granted a preliminary hearing in the Justice Court of Stillwater, Oklahoma, he was held to the District Court of Payne County, Oklahoma and was charged with the crime of murder. That an information has been filed against him in said district court charging him with the crime of murder, and that he is held and confined in the County Jail at Stillwater, Oklahoma without bail; that he is not guilty of murder, and the evidence adduced against him at the preliminary hearing is insufficient to show or prove that he is guilty of murder. A transcription of the evidence taken at said hearing is attached hereto and made a part thereof.

"Your petititoner further shows the court that the deceased, on the date preceding the killing had made threats against him to the effect that he would kill him. On the day of the killing, one Isabel Pettis came to the room where the petitioner was sitting in Josie Melso's cafe, and told him that the deceased and one Joe Vaughn were going to beat him up; that the deceased tried to assault your petitioner while in said cafe. That deceased left said cafe to go home, but told your petitioner to stay there until he returned; that deceased was angry, and your petitioner understood that the deceased meant to get a gun and come back and shoot your petitioner; that your petitioner walked out the east side of said cafe, and thence south a few steps where he met deceased again; that deceased made threats against your petitioner and started toward him; that your petitioner thought the deceased had a knife or some other instrument in his hand. That he pushed the deceased back with his left hand, and the deceased made a second lunge toward him. That your petitioner thought that his life was in imminent danger, and that he shot the deceased in self-defense.

"That your petitioner has never been convicted of any crime and has always been a peaceable and law-abiding citizen; that he served in the armed forces of the United States of America and had received an honorable discharge only two days before said killing. The affidavit of three witnesses and verification of your petitioner's petition are attached hereto and made a part hereof.

"That Henry W. Hoel, District Judge is out of the state on his vacation at this time; consequently he is unable to present this application to said judge.

"Wherefore premises considered, your petitioner prays that he be granted a writ of habeas corpus and that bail be fixed at a reasonable amount.

"Brown Moore

"Hendrix Wolf.
"Attorneys for Petitioner.

"State of Oklahoma  ⎱
                    ⎰ SS
"County of Payne    ⎰

"Brown Moore, attorney for Tessie Bray, of lawful age, being duly sworn on oath deposes and says: That he is defendant above named, that he has read the foregoing and above petition, knows the contents thereof, and that the matters and things therein stated and alleged are true.

"Brown Moore

"Subscribed and sworn to Aug. 13, 1946.

"M. T. Lemons (Seal)
"Asst. Clerk."

The alleged affidavits of Noble Williams, Gladys Jackson, and Ruby Brown, each subscribed and sworn to August 9, 1945, are in substance the same, to the effect that said affiants were on the 27th day of May, 1946, sitting on the front porch of 1115 North Central, about 6:30 in the evening, and saw Leonard Jackson coming out of Josie Kelso's cafe. Each affiant states that she heard some one say, "Tell the black m.f. to stay here until I get back."

"Leonard walked south around the first house south of Josie's cafe and then walked east. I saw Tessie Bray going south behind the house and saw them meet on a little hill. They talked, but I could not hear what they were saying. Leonard Jackson started toward Tessie,

and I saw Tessie take his left hand and push him back. Tessie stepped back, and Leonard took a step toward Tessie, and at that time Tessie shot him. I did not see the gun at any time before the first shot was fired. After the first shot was fired, I ran into the house."

By agreement of counsel for petitioner, the county attorney, K. D. Greiner, respondent, E. G. Schroeder, sheriff, both parties appeared on the same day and a hearing was had, and at that time it was ordered and adjudged that the writ be denied and bail refused.

Upon the hearing it was undisputed that Tessie Bray, the petitioner, did not testify in the examining trial, and there was no testimony offered in his behalf. It will be observed that the application was verified by Brown Moore, one of his counsel, wherein, he states that petitioner fired the fatal shot in his necessary self-defense.

Section 8 of article 2 of our Constitution declares:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

It was the contention on the part of the petitioner that he was entitled to bail upon the testimony taken upon his preliminary examination, for the reason that the proof is not evident, or the presumption great, that he is guilty of murder as charged in the information. This contention is without merit. The determination and conclusion of this court in this case is based upon a settled rule of this court that upon application for bail by writ of habeas corpus, after commitment for a capital offense, by an examining magistrate, the burden is upon petitioner to show facts sufficient to entitle him to bail, when those facts do not appear from the evidence adduced on the part of the prosecution. Ex parte Johnson, 1 Okla. Cr.

414, 98 P. 461; In re Fraley, 3 Okla. Cr. 719, 109 P. 295, 139 Am.St.Rep. 988; Ex parte Dykes, 6 Okla. Cr. 162, 117 P. 724; Ex parte Looper, 12 Okla. Cr. 437, 158 P. 290.

In Ex parte Garvin, 18 Okla. Cr. 17, 192 P. 363, this court held:

"Upon an application for bail after commitment upon a charge of murder, on the ground that the proof of guilt is not evident, nor the presumption thereof great, and, upon a consideration of all the evidence offered, the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt, bail will be refused."

In the course of the opinion we said:

"We are not permitted to presume for the petitioner either justification or mitigation, merely because the evidence for the prosecution fails to show their absence. On the contrary, unless the evidence for the prosecution shows the presence of facts or circumstances tending to justify, excuse, or mitigate the offense, then the burden is upon the petitioner to make that showing by evidence at least sufficient to generate a reasonable doubt in that respect."

Under Const. art. 2, sec. 8, supra, one accused of a capital offense may be admitted to bail after the information has been filed, prior to trial, if the proof of guilt is not evident or the presumption thereof great. Ex parte Lacy, 20 Okla. Cr. 440, 203 P. 1050.

The court should, however, proceed with extreme caution in exercising the power to admit to bail in this class of offenses. The filing of an information charging a capital offense, where the defendant has not been admitted to bail, is prima facie evidence that the proof of

guilt is evident and the presumption thereof great. Ex parte Andrews, 39 Okla. Cr. 359, 265 P. 144. And see In re Bean, 17 Okla. Cr. 576, 190 P. 1091; Ex parte Sipe, 22 Okla. Cr. 303, 210 P. 1039.

Upon a consideration of the undisputed facts as shown by the testimony on the part of the state, upon which the application for bail was submitted, and the argument of counsel, it was the opinion of the court that petitioner was not entitled to bail as a matter of legal right.

The rule generally approved by appellate courts is that, in denying an application for bail, neither the facts nor the law in such cases will ordinarily be discussed by the court, lest it prejudice the rights of the defendant on his final trial, and we shall adhere to it in this case.

We deem it sufficient to say that we find in the record before us that the petitioner is not entitled to bail. We do not know what may be shown upon the final trial.

For the reasons stated, the writ was refused and bail denied.

BAREFOOT, J., concurs.