**Application of Zola Mae SEVERNS for Writ of Habeas Corpus.**

**No. A–12711.**

Criminal Court of Appeals of Oklahoma.

Jan. 21, 1959.

Jack L. Spivey, R. L. Dugger, Oklahoma City,· for petitioner.

Hez J. Bussey, County Atty., and Robert L. Pendarvis, Asst. County Atty., Cleveland County, Norman, for the State.

PER CURIAM.

Petitioner charged in the district court of Cleveland County with the crime of murder seeks release from the Cleveland County jail, to be admitted to bail pending trial.

The murder took place along the Cleveland-Oklahoma County line and the charge was first filed in Oklahoma County. By reason of the grave physical and mental condition defendant, a woman of about fifty years of age, was shown to be in, and by reason of apparent need for hospitalization, we ruled that petitioner should be released on bail. See case No. A–12,666, Application of Severns, Okl.Cr., 330 P.2d 748. But the charge in Oklahoma County was dismissed, whereupon Zola Mae Severns was taken into custody by the sheriff of Cleveland County, and she again applied for a writ of habeas corpus. But in the meantime the Cleveland County attorney by reason of a question having been raised as to the mental condition of peti-

tioner, obtained an order from the district court of Cleveland County ordering the· accused into a state mental hospital for observation and treatment, not exceeding ninety days. The writ applied for under the then circumstances was denied. See case No. A–12,672, Ex parte Severns, Okl. Cr., 330 P.2d 752.

Petitioner, having completed her stay in the State Mental Hospital, was returned to the Cleveland County jail to await trial. The district court of Cleveland County denied bail. A transcript of the testimony taken at said hearing has been received in evidence by this court, together with affidavits from various doctors and others covering the disabilities of the petitioner,. and the care that she is now receiving.

According to Dr. R. J. Stilwell, Oklahoma City, he examined petitioner on January 13, 1959 and found her with a blood' pressure of 230/120. He states that at the time she was not receiving any medication for her hypertension, but was receiving insulin twice daily. Dr. D. N. Coppedge aided in the examination and found the blood pressure reading the same as did Dr. Stilwell. Four readings were taken.

Dr. Mervin L. Clark, chief of medical' service of Central State Griffin Memorial' Hospital reported that diagnosis of petitioner's condition indicates: "(1) Diabetes mellitus; (2) Essential hypertension, early malignant phase, with grade 3 retinopathy. a-Hypertensive heart disease manifested by cardiac enlargement only."

The evidence of the State shows that the petitioner is incarcerated in a private cell' and that she is supervised by a matron; that she is under the care of a private physician and that his nurse administers insulin twice daily, and that a special diabetic diet is prepared by the dietician at. the Norman Municipal Hospital and delivered to defendant· according to schedule ordered by her physician.

In his report to the district judge of Cleveland County, Dr. S. N. Kemler, Clinical Director, Central State Griffin Memorial Hospital, Norman, said: "The subject's

intellect and memory were considered good. As far as could be ascertained, she did not have any understanding of her emotional problems. (It should be noted that a report from Dr. Prosser [psychiatrist] revealed that the subject had many delusional thoughts of a paranoid nature.) The subject is considered to be mentally ill. Her preoccupation with bowels, her tendency to blame others for her failures, the delusional thinking which she revealed to Dr. Prosser, and her apparent lack of feeling concerning the death of her neighbor indicate a diagnosis of Schizophrenic Reaction, paranoid type."

In a supplemental report Dr. Kemler gave it as his opinion that petitioner was capable of assisting in the defense of her case and to make a rational defense.

 In the mentioned case No. A-12,-666, Oklahoma County, involving the same charge as here, bail was granted, not that the proof of guilt was not evident nor the presumption thereof great, but on account of the apparent need by petitioner of medical attention, which we did not feel could be administered as required, while she was in jail. The evidence points to petitioner having shot her neighbor Wilmer Forest Siler with a 22-calibre rifle, with a telescopic sight, once in the head and once in the abdomen, while he was driving his tractor along the highway. It is not necessary to go into the details of the evidence in this regard. The circumstances as to the woman's physical condition is essentially as when we granted bail in case No. A–12,666, under authority of Ex parte Hubbard, 64 Okl.Cr. 18, 76 P.2d 915.

Bail is fixed in the amount of $40,000, to be approved by the Court Clerk of Cleveland County, Oklahoma.