**Application of Kenneth John CODY for Bail.**

**No. A-13049.**

Court of Criminal Appeals of Oklahoma.

May 8, 1961.

Albert Hoch, Oklahoma City, for petitioner.

James H. Harrod, County Atty., Oklahoma City, for respondent.

BUSSEY, Judge.

The petitioner, Kenneth John Cody, is incarcerated in the Oklahoma County Jail, on a charge of rape in the first degree after former conviction of a felony. He was returned from the state penitentiary after his conviction upon the charge for which he is presently confined was reversed and remanded to the District Court of Oklahoma County for a new trial. Upon being returned to the county jail in Oklahoma County, the petitioner filed an application for bail in the District Court of Oklahoma County, before the Honorable W. R. Wallace, Jr. and on hearing, bail was denied.

A petition for writ of habeas corpus was filed in this Court on May 1, 1961 requesting that reasonable bail be allowed. A hearing was held before this Court on May 3, 1961 and the matter was submitted upon argument of counsel and the record in Cody v. State, Okl.Cr., 361 P.2d 307.

In determining the petitioner's right to bail we must consider Article 2, section 8 of the Oklahoma Constitution and title 22, section 1102 of the Oklahoma Statutes, which guarantee the right to bail except for capital offenses when proof of guilt is evident, or the presumption thereof is great. The construction and application of both of these provisions have been before this Court many times and from the many decisions previously decided, the following well defined rules and principles have emerged.

One, the Court of Criminal Appeals in denying or allowing bond in a capital case does not express or intimate an opinion as to the guilt or innocence of the accused. Ex parte Beavers, Okl.Cr., 267 P.2d 154; Ex parte Christenberry, 82

Okl.Cr. 378, 170 P.2d 871; In re Custer, Okl.Cr., 285 P.2d 868; Ex parte Lee, 91 Okl.Cr. 426, 219 P.2d 638; Ex parte O'Quinn, 95 Okl.Cr. 430, 247 P.2d 537. It would be manifestly prejudicial to the rights of the accused and the state. for this Court to comment upon the weight and sufficiency of the evidence presented on habeas corpus, prior to its submission to the trier of facts. The question of guilt or innocence is a question of fact to be determined by the trier of facts, based upon the evidence adduced at the trial of the cause.

■ Two, the burden of establishing the right to bail is upon the petitioner unless the evidence presented by the state establishes this right. Ex parte Bray, 82 Okl. Cr. 431, 172 P.2d 349 and Ex parte Stone, 41 Okl.Cr. 12, 269 P. 785.

■ Three, this Court should proceed with extreme caution in exercising the power to allow bail in capital cases and should only grant the same when the petitioner has sustained the burden of proof in establishing his right. Ex parte Bray, supra.

■ We have carefully considered the competent evidence and applying the principles above enumerated, hold that the petitioner has not adduced sufficient evidence to establish his right to bail. For the reasons stated herein the writ is denied.

NIX, P. J., and BRETT, J., concur.